STELLMACHER, Respondent, vs. UNION MORTGAGE LOAN COMPANY, imp., Appellant.

*April 4—May 8, 1928.*

*Mortgages: Foreclosure: Judgment against guarantor: Judgment not supported by pleading.*

1. The right to enforce personal liability in an action to foreclose a mortgage is purely statutory, and did not exist at common law. p. 637.
2. In an action of foreclosure the trial court had no authority to render judgment against plaintiff's assignor for deficiency on its guaranty of collection of the mortgage, under sec. 278.04, Stats., since the liability on the guaranty was not on the same contract which the mortgage was given to secure. p. 637.
3. A judgment which is not supported by the pleadings cannot stand. p. 637.

APPEAL from a judgment of the circuit court for Washburn county: W. R. FOLEY, Circuit Judge. *Reversed.*

Action begun on the 30th day of March, 1925; judgment entered September 16, 1926. Foreclosure of real-estate mortgage. The *Union Mortgage Loan Company* assigned a note and mortgage given by Adolph M. Sampson and wife, and as a part of the transaction entered into a written agreement with the assignee, the plaintiff, as follows:

"April 26, 1920. In consideration of the sum of $1,300 to us in hand paid, we hereby assign and set over to *Katherine Stellmacher* the within note, guaranteeing the collection of same, both principal and interest. This assignment and guaranty is made subject to a certain agreement of even date

herewith between the parties hereto, which said agreement is made a part of this assignment.

> "UNION MORTGAGE LOAN COMPANY,
> "By H. F. Schlemilch, President."

There was a default, the plaintiff began this foreclosure action, and in the prayer for judgment the following appears:

"That the plaintiff may have judgment and execution for any deficiency remaining unpaid after applying the proceeds of such sale thereon as prescribed by law against the defendants, Adolph M. Sampson, Minnie Sampson, *Union Mortgage Loan Company,* and Wilda Grace Hiles, who are personally liable for the payment of the debt secured by said mortgage."

The complaint was served upon the *Union Mortgage Loan Company,* which did not appear in the action. In due course judgment was rendered, which provided:

"And it is further ordered that if the proceeds of such sale be insufficient to pay the amounts aforesaid, the said sheriff specify the amount of such deficiency in his report of sale, and that upon the filing and confirmation of said report judgment be rendered against the defendant *Union Mortgage Loan Company,* who are personally liable for the amount and payment of the debt secured by said mortgage, for the amount of such deficiency, with interest thereon from the date of such last mentioned report, and that the plaintiff have execution therefor."

From this judgment the *Union Mortgage Loan Company* appeals.

The cause was submitted for the appellant on the brief of *Bundy, Beach & Holland* of Eau Claire, and for the respondent on that of *Ingram & Gibson* of Eau Claire.

ROSENBERRY, J. A number of questions are raised. We shall deal with only one. Sec. 278.04, Stats., relating to foreclosure of mortgages, provides:

"In all such actions the plaintiff may in his complaint unite with his claim for a foreclosure and sale a demand for judgment for any deficiency which may remain due to the

plaintiff after sale of the mortgaged premises against every party who may be personally liable for the debt secured by the mortgage, whether the mortgagor or other persons, if upon the same contract which the mortgage is given to secure; and judgment of foreclosure and sale, and also for any such deficiency, . . . may in such case be rendered."

It is clearly and definitely settled that at common law no personal liability could be enforced in an action to foreclose a mortgage and it can be now enforced only as provided by statute. *Marling v. Maynard,* 129 Wis. 580, 109 N. W. 537.

It appears from the allegations of the complaint that the liability of the *Union Mortgage Loan Company* if any is not upon the same contract which the mortgage was given to secure. Therefore the court had no authority to render judgment in this case against the *Union Mortgage Loan Company.* Furthermore, the pleadings do not support the judgment, and unless the judgment is supported by the pleadings it cannot stand. *Fifield v. Marinette County,* 62 Wis. 532, 22 N. W. 705. See *Good v. Schiltz, ante,* p. 481, 218 N. W. 727.

We do not find it necessary to consider other questions raised.

*By the Court.*—Judgment for deficiency against the *Union Mortgage Loan Company* is reversed and cause remanded.