Doyon & Rayne Lumber Company, Plaintiff, vs. Nichols, Defendant: Wiedner, imp., Appellant, vs. Conklin & Sons Company, imp., Respondent.

*May 11—June 18, 1928.*

388

For the defendant and appellant Wiedner there was a brief by *William Ryan* and *W. L. Woodward,* and oral argument by *Ralph E. Axley,* all of Madison.

For the plaintiff and respondent Doyon & Rayne Lumber Company there was a brief by *Olin & Butler,* and oral argument by *B. H. Stebbins,* all of Madison.

*J. J. McManamy* and *W. H. Spohn,* both of Madison, for the defendant and respondent Conklin & Sons Company.

OWEN, J. The question presented arises by reason of the fact that upon the foreclosure sale there are mortgages to the extent of $125,000 to be preferred ahead of mechanics' lien claims. By stipulation of the parties, the owners of the $35,000 mortgages have consented to take $32,000 for each of their mortgages, leaving $29,000 to be applied on the three $15,000 mortgages. All of the parties stipulate that one of these mortgages held by Wolff, Kubly & Hirsig is to

be preferred over the Conklin and Wiedner mortgages. This leaves $14,000 to be applied on either the Conklin or Wiedner mortgage, according to their rights of priority.

Manifestly, the transaction by which Nichols executed these mortgages to Metz to secure promissory notes executed by him to Metz in like amounts, the indorsement and redelivery of the notes by Metz to Nichols, and the assignment of the mortgages in blank to Nichols, was purely an accommodation transaction to enable Nichols to raise money upon the property. Although the nature of Metz's relation to and liability upon the notes is much discussed in the briefs, that question seems immaterial to the real question presented, which is whether the Conklin or Wiedner mortgage had prior claim upon the $14,000 to be applied to the one or the other under the stipulation of the parties. It seems plain that none of the mortgages became a lien upon the premises until some one paid value therefor. "A mortgage is only an incident to a debt, which is the principal thing. It is merely security for the debt. Where there is no debt—no relation of debtor and creditor—there can be no mortgage. Here there was no debt, and hence no mortgage that can be enforced in equity. If the mortgage could be sustained upon any theory, it could only be as security for future advances, and then only to the extent of such advances." *Cawley v. Kelley,* 60 Wis. 315, 319, 19 N. W. 65. "A mortgage is not property at all independent of the debt it secures. The extinguishment of the debt *ipso facto et eo instanti* extinguishes the mortgage. The mere entry on the record of a release of the mortgage is not for the purpose of extinguishing it, but as evidence of a previous discharge of the debt." *Fred Miller B. Co. v. Manasse,* 99 Wis. 99, 102, 74 N. W. 535. When Conklin & Sons Company took their mortgage in January the Wiedner mortgage did not secure any debt. No one had paid value therefor and, consequently, it was no lien upon the premises. The Conklin mortgage, therefore,

cannot be said to be subject to the Wiedner mortgage. The Wiedner mortgage did not become a lien upon the premises until Wiedner paid value therefor, which was not done until March 23, 1925. Lest confusion arise by reason of the fact that these mortgages were upon separate parcels of land, it should be remembered that the three parcels of land constituted less than an acre, and that they are all subject to the mechanics' liens arising from the construction of either building, and the question here is which mortgage takes precedence over the mechanics' liens and participates in the $125,000 distribution.

*By the Court.*—Judgment affirmed.