FARMERS & MERCHANTS BANK, Respondent, vs. MATSEN, imp., Appellant.

*October 9—November 5, 1935.*

For the appellant there was a brief by *Benson & Butchart* of Racine, and oral argument by *Donald Butchart*.

For the respondent the cause was submitted on the brief of *Foley & Brach* of Racine.

ROSENBERRY, C. J.  The question for decision upon this appeal is, Does the fact that an action is pending for the foreclosure of a mortgage and for a judgment for a deficiency constitute a defense to a subsequent action commenced by the same plaintiff, demanding judgment on the obligation secured by the mortgage against those personally liable thereon?

Sec. 263.06, Stats., provides that the defendant may demur to a complaint when it shall appear upon the face thereof that—

"(3) There is another action pending between the same parties for the same cause."

Sec. 263.11 provides that, when any of the matters enumerated in sec. 263.06 as grounds for demurrer do not appear upon the face of the complaint, the objections may be taken by answer.  The pleadings properly presented the issue.

At common law there could be no judgment for what is now termed a deficiency in an action to foreclose a mortgage. In this country there was a division of authority. In some jurisdictions it was held that in an action for foreclosure a court of equity might, under the doctrine that having taken jurisdiction for one purpose it would retain jurisdiction for another, proceed to enter an order requiring the defendant personally liable to pay any amount not discharged by the sale of the mortgaged property. In this state, under the provisions of what is now sec. 278.10, Stats., the plaintiff in a mortgage foreclosure suit may ask in his complaint for a deficiency judgment, and it is provided that in the judgment of foreclosure a direction may be included for an additional judgment for any deficiency against the parties personally liable. *Marling v. Maynard,* 129 Wis. 580, 109 N. W. 537.

When a deficiency judgment is entered in a foreclosure action, it is a final adjudication of the defendant's common-law liability for the debt. There is in reality but one judgment, the judgment of foreclosure. The so-called deficiency judgment is merely a completion of the judgment upon the coming in and confirmation of the report of sale. *Gaynor v. Blewett,* 86 Wis. 399, 57 N. W. 44.

It would seem to require no argument to show that a prayer for a judgment of deficiency is a prayer for a judgment upon so much of the note as remains unsatisfied after the application of the proceeds of sale, and is therefore equivalent to an action upon the note. The statute relating to deficiency judgments merely permits a combination of two causes of action, one upon the note, and one for foreclosure, with certain restricting provisions so that as a matter of fact no execution may issue until after the foreclosure action is completed.

This whole matter was dealt with at length in *Cavadini v. Larson,* 211 Wis. 200, 248 N. W. 209. The plaintiff in this

action was not required to ask for a deficiency judgment, but, having done so, and thus put the note in suit and asserted a personal liability against the defendants, he may not again assert that liability in a separate action at law. The trial court was in error in denying the appealing defendant's plea in abatement.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to sustain the plea and dismiss the complaint as to the appealing defendant.