ESTATE OF ROSENTHAL: ROSENTHAL and another, Executors, Appellants, V. ROSENTHAL, Respondent.

*March 1—April 11, 1967.*

404

For the appellants there was a brief by *Hersh, Magidson & Lensky* of Milwaukee, and oral argument by *Arthur B. Magidson.*

For the respondent there was a brief by *Quarles, Herriott & Clemons,* attorneys, and *James C. Mallien* of counsel, all of Milwaukee, and oral argument by *Mr. Mallien.*

HANLEY, J. The sole issue presented is as follows: Where a husband and wife own real estate as joint tenants and said real estate is subject to a mortgage and mortgage note signed by both parties as co-obligors and the husband dies, the wife thereafter paying the mortgage, does the wife have a claim against the husband's estate for contribution to the extent of one half of the amount of the mortgage?

There is a sharp conflict of authority on the issue presented. The majority view allowing contribution proceeds on the theory of the joint and several nature of the obligation coupled with the application of the ordinary rule that payment by one joint debtor of more than his share of the obligation equitably entitles him to contribution from those jointly liable with him. The minority view denying contribution proceeds on the view that the mortgage lien is the source of a common burden upon co-obligors and because on death the lien no longer affects the estate of the decedent, when the entire title to land passes to the surviving spouse, no benefit arises out of payment by the survivor.

An annotation in Anno. 76 A. L. R. (2d) 1004–1015 points out that the majority of jurisdictions allow the survivor contribution from the deceased's estate regardless of the devolution of title to the real estate secured by the mortgage.

The A. L. R. annotation concludes at pages 1006, 1007:

". . . The majority view would seem to be the better one because it effects a compromise, in a certain sense,

by dividing the burden between the estate of the deceased and the survivor, and also because, resulting from the fact that it *is* the most widely accepted position, it offers the stability of an accepted rule of property."

In *Keil v. Keil* (1958), 51 Del. 351, 145 Atl. (2d) 563, the court, although not passing on the issue of contribution, did give instructions to the executors of the deceased husband's estate. The court believed the correct view to be that of allowing contribution. It gave the following reasons at pages 356 and 357:

"A joint and several obligation of two parties, whether or not husband and wife, creates an obligation which is, on its face, for the benefit of both. Upon the death of one party his estate is still liable for the debt. And if the right of contribution, upon payment of the debt during the lifetime of both, is an attribute of the joint liability, we fail to see why it does not exist upon payment made after the death of one. The payment of the debt by the survivor is certainly a benefit to the estate because it discharges a liability of the estate. This is true whether or not there is any collateral in the hands of the creditor. Certainly if there were no collateral contribution would be allowed. . . .

". . .

"In our opinion, a common interest in the land or property mortgaged or pledged for a joint debt is not the element that controls the right to contribution. The liability to contribution flows directly from the debt, and the mortgage is only the security for the debt."

In the case of *McLochlin v. Miller* (Ind. 1966), 217 N. E. (2d) 50, 52, the appellate court of Indiana said:

"We find the better dogma to be premised on the theory that contribution is a right which flows from the debt and it is not affiliated with the security. The fact that there is collateral is not consequential. The 'common burden', a term so frequently used in the basic contribution rule, refers to the obligation, not to the collateral.

"A common interest in the land or property which is used to guarantee or secure the joint debt is not an element that should affect the right of contribution."

Appellant cites several cases denying contribution, two of which fairly summarize their basic arguments.

In *Geldart v. Bank of New York & Trust Co.* (1924), 209 App. Div. 581, 583, 205 N. Y. Supp. 238, 240, the court stated that:

"As tenants by the entirety, plaintiff and her husband were each seized of the whole estate, and the mortgage was an incumbrance thereon. It was, therefore, upon her estate in the land and was her debt as well as that of her husband. But upon his death, the mortgage was no longer upon his estate in the land, for there was none. . . .

"The right to contribution, exoneration or reimbursement rests on the liability of the person unjustly enriched to return or refund all or part of the enrichment. In the present case the personal estate of the testator has never been benefited or enriched by the loan represented by the bond and mortgage, . . ."

Similarly, in *Lopez v. Lopez* (Fla. 1956), 90 So. (2d) 456, 459, the court, in denying contribution, said:

"It is clear to us that in a case such as here, the estate of the decedent receives no benefit or enrichment which, in equity, requires or justifies contribution being made to the surviving spouse. On the other hand the survivor received all of the estate for which the obligation was incurred and cannot be heard to complain.

"We hold then that because in such mortgages and notes as we have here, each spouse, as between themselves, is obligated to pay the full amount thereof, such burden not being a common burden, but a burden borne wholly by each on the whole estate which each holds, simultaneously with the other, and because there is no benefit or enrichment to the deceased, or his estate, a surviving spouse is not entitled to contribution from the estate of the deceased spouse on a purchase money mortgage executed by both spouses for the purchase of lands, title to which is taken in an estate by the entireties."

We believe the better view is that which the majority of the jurisdictions follows. This position is consonant with presently existing law in Wisconsin.

Secs. 113.06 and 313.12 of the Wisconsin statutes commit Wisconsin to the principle of contribution between the estate and the surviving joint tenant.

Sec. 113.06, Stats. (sec. 6 of the Uniform Joint Obligations Act), provides:

**"Death of obligor, estate liable.** On the death of a joint obligor in contract, his executor or administrator (or estate) shall be bound as such jointly and severally with the surviving obligor or obligors."

Sec. 313.12, Stats., provides:

**"Estate of joint debtor liable for whole.** When two or more persons shall be indebted on any joint contract or upon a judgment founded on a joint contract and either of them shall die his estate shall be liable therefor, and the claim may be allowed by the court as if the contract had been joint and several or as if the judgment had been against him alone, and the other parties to such joint contract may be compelled to contribute or to pay the same if they would have been liable to do so upon payment thereof by the deceased."

The above statute is apparently one for the protection of creditors, allowing them to go directly against the estate before all of the assets are depleted. It then allows for contribution from the surviving obligor or obligors which would be one half since the question involves joint obligations.

The question arises whether the above statute was meant to protect the surviving obligor also, or just the creditor.

It would seem that if the statute covered the first situation where the estate is sued for the whole debt (and the language of the statute is clearly broad enough to cover such a situation), then it would be highly inequitable if the statute did not cover the reverse situation and also protect the surviving obligor. For, if this were not true, the result is a capricious rule of law which would

shift the ultimate burden of an obligation merely because payment was initiated through one of the obligors rather than the other.

The minority view which attributes survivorship characteristics of joint estates to joint and several obligations is not supported by Wisconsin law. In Wisconsin the mortgage is a mere incident to the debt. The debt is of primary concern, and the debt is not only joint but a several obligation. See *Doyon & Rayne Lumber Co. v. Nichols* (1928), 196 Wis. 387, 220 N. W. 181. The absence of the continuing property interest by one obligor in the security does not eliminate the liability of the obligor or the estate of that obligor on the obligation and therefore cannot negate the benefit realized by the estate from the payment of that obligation. The right of survivorship passes title to the property immediately but does not remove the liability of the husband which was created at the time of purchase.

Appellant argues that sec. 863.13 (2) of the proposed Wisconsin Probate Code would hold otherwise. It would, but it is not the law at the present time. It must be noted also that the proposed code contains a provision whereby the decedent by will may provide to the contrary.

We conclude that the widow, Ruth Rosenthal, who discharged the obligation owed jointly and severally by herself and her deceased husband, Samuel Rosenthal, is entitled to contribution from the estate of the deceased in the sum of $14,070.42, being one half of the amount paid to discharge the mortgage and note obligation due Marine National Exchange Bank of Milwaukee.

*By the Court.*—Judgment affirmed.

HANSEN, J., took no part.