Gerald G. GLOVER and Janice M. Glover,
Plaintiffs-Appellants,

v.

MARINE BANK OF BEAVER DAM, a Wisconsin banking
corporation, Defendant-Respondent.

Supreme Court

*No. 82–1841. Argued January 30, 1984.—Decided March 27, 1984.*

(Also reported in 345 N.W.2d 449.)

For the plaintiffs-appellants there were briefs by *Paul S. Taylor* and *Bakken, Feifarek & Taylor,* Madison, and oral argument by *Paul S. Taylor.*

For the defendant-respondent there was a brief by *Russell Goldstein* and *Goldstein & Goldstein,* Milwaukee, and oral argument by *Russell Goldstein.*

LOUIS J. CECI, J. This appeal is before this court on certification from the court of appeals. Sections 808.-05 (2) and 809.61, Stats.

Initially, we observe that a total of four mortgages on five separate properties were utilized to secure two promissory notes. Therefore, we are concerned with the following issue:

"If a mortgagee holds more than one mortgage securing two promissory notes and elects to foreclose only some of the mortgages under sec. 816.101, Stats., which requires waiver of 'judgment for any deficiency which may remain due to [the plaintiff] after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage,' does the foreclosure satisfy the underlying promissory notes in full and oblige the mortgagee to discharge the remaining mortgages?"

The circuit court had determined that the foreclosure of only two of the mortgages securing the two promissory notes in this instance did not satisfy the underlying debts. The court concluded that the mortgagee still retained the right to foreclose on the remaining mortgages securing the notes. However, the court determined that should foreclosure on the remaining mortgages not fully satisfy the notes, the mortgagee would be estopped from taking any deficiency judgments. We affirm the order of the circuit court.

Under sec. 816.10(2), Stats. (1973), if a mortgagor is to be subjected to a deficiency judgment following a foreclosure sale, the mortgagor is entitled to a twelve-month redemption period. Under sec. 816.165(2), the mortgagor is also entitled to a finding by the circuit court that the sheriff has sold the mortgaged premises for "fair value."

Section 816.101, Stats. (1973), provides for an exception to this general procedure.[1] The statute reads as follows:

"**816.101 Foreclosure without deficiency; 3-acre parcels.** (1) If the mortgagor has agreed in writing at the time of the execution of the mortgage to the provisions of this section, the plaintiff in a foreclosure action of a mortgage on real estate of 3 acres or less, which mortgage is recorded subsequent to January 22, 1960, may elect by express allegation in his complaint to waive judgment for any deficiency which may remain due to him after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage, and

---

[1] The date of the execution of the first mortgage in this action was September 30, 1975; therefore, sec. 816.101, Stats. (1973), effective July 1, 1974, by the Laws of Wisconsin 1973, ch. 189, secs. 7 and 20, is applicable. Throughout the remainder of this opinion, we will refer to sec. 816.101. Concerning the second mortgage, executed April 27, 1978, sec. 846.101, Stats. (1975), is applicable. By supreme court order (Wisconsin Rules of Civil Procedure, 67 Wis. 2d 768 (1975)), ch. 816 of the statutes was renumbered ch. 846.

The present amendment of sec. 846.101, Stats., reads as follows:

"**846.101 Foreclosure without deficiency; 20-acre parcels.** (1) If the mortgagor has agreed in writing at the time of the execution of the mortgage to the provisions of this section, and the foreclosure action involves a one- to 4-family residence that is owner-occupied at the commencement of the action, a farm, a church or a tax-exempt charitable organization, the plaintiff in a foreclosure action of a mortgage on real estate of 20 acres or less, which mortgage is recorded subsequent to January 22, 1960, may elect by express allegation in the complaint to waive judgment for any deficiency which may remain due to the plaintiff after sale of the

to consent that the mortgagor, unless he abandons the property, may remain in possession of the mortgaged property and be entitled to all rents, issues and profits therefrom to the date of confirmation of the sale by the court.

"(2) When plaintiff so elects, judgment shall be entered as provided in this chapter, except that no judgment for deficiency may be ordered therein nor separately rendered against any party who is personally liable for the debt secured by the mortgage and the sale of such mortgaged premises shall be made upon the expiration of 6 months from the date when such judgment is entered. Notice of the time and place of sale shall be given under ss. 272.31 and 816.16 within such 6-months period except that first printing of a copy of such notice in a newspaper shall not be made less than 4 months after the date when such judgment is entered."

Thus, if the mortgagee elects to waive any judgment for deficiencies which may exist after the sale of the mortgaged premises, the redemption period may be shortened from twelve to six months.

The facts are not in dispute. On September 30, 1975, Gerald and Janice Glover executed a note to the Marine

---

mortgaged premises against every party who is personally liable for the debt secured by the mortgage, and to consent that the mortgagor, unless he or she abandons the property, may remain in possession of the mortgaged property and be entitled to all rents, issues and profits therefrom to the date of confirmation of the sale by the court.

"(2) When plaintiff so elects, judgment shall be entered as provided in this chapter, except that no judgment for deficiency may be ordered therein nor separately rendered against any party who is personally liable for the debt secured by the mortgage and the sale of such mortgaged premises shall be made upon the expiration of 6 months from the date when such judgment is entered. Notice of the time and place of sale shall be given under ss. 815.31 and 846.16 within such 6-months period except that first printing of a copy of such notice in a newspaper shall not be made less than 4 months after the date when such judgment is entered."

Bank of Beaver Dam (Bank) for the amount of $70,000. In order to secure the note, the Glovers gave the Bank a mortgage on a parcel of real estate located in Green Lake county, described as "Section 13–14–11."

On April 27, 1978, the Glover Corporation executed a note to the Bank for the sum of $225,000. The loan was guaranteed by the Glover Development Corporation and Gerald and Janice Glover. In addition to obtaining personal guarantees, the Bank secured the loan by mortgages on real estate located in Waupaca county and belonging to the Glover Development Corporation, real estate located in Marquette county belonging to the Glovers and the Glover Development Corporation, and three parcels located in Green Lake county belonging to the Glovers. The Green Lake county parcels used for security are described as "Lot 5 in Block 15, Lot 8 in Block 15, and Section 13–14–11." It should be noted that Section 13–14–11 is the same parcel utilized to secure the $70,000 note of September 30, 1975.

Subsequently, a default occurred on both notes. The Bank declared both notes to be due and commenced a foreclosure action against the three Green Lake county parcels in June of 1980. The Bank also elected to foreclose under sec. 816.101, Stats. Although the record does not include a copy of the mortgages, in which the mortgagor may have agreed to this possible election by the mortgagee, the Glovers have not contested the propriety of this election.

On October 14, 1980, the judgment in the foreclosure action was entered in the office of the Green Lake county clerk of court. The judgment provided for the sale of the mortgaged Green Lake county property and stated the amount due for principal and interest on the first note as $56,449.32 and on the second note as $174,801.54. The judgment also waived any judgment for deficiency re-

maining due to the Bank after the sale of the mortgaged premises.

The Green Lake county property was sold at a sheriff's sale on November 28, 1980. The property was sold for a total of $155,000. The sale of the property was confirmed by court order on December 23, 1980.

On July 23, 1981, the Glovers filed an action in circuit court, requesting that both notes be declared "paid in full" and returned by the Bank and requesting that the remaining Waupaca and Marquette county mortgages be discharged of record. The Bank brought a motion for summary judgment pursuant to sec. 802.08, Stats., on the grounds that there was no genuine issue as to material fact and that the Bank was entitled to judgment as a matter of law.

The Glovers argue that because the Bank waived any deficiency judgment when it elected to foreclose under sec. 816.101, Stats., the confirmed sale of the Green Lake county properties functioned to satisfy the debts secured by the mortgages. *See, Winter v. Knaak,* 236 Wis. 367, 370, 294 N.W. 488 (1941). They further argue that a mortgage functions as security for debt and that there can be no mortgage where there is no debt to be secured. *Security Nat. Bank v. Cohen,* 41 Wis. 2d 710, 714, 165 N.W.2d 140 (1969). Consequently, the Glovers maintain that the Waupaca and Marquette county mortgages were extinguished when the underlying debts were satisfied by the confirmed sale of the Green Lake county properties.

The Bank contends that by its election to proceed under sec. 816.101, Stats., in order to foreclose on the Green Lake county real estate, it waived only the right to maintain actions for deficiency on the promissory notes. The Bank has taken the position that deficiency judgments have been characterized as personal judgments,

whereas foreclosure judgments have been described as actions to "realize upon the security." *Duecker v. Goeres,* 104 Wis. 29, 37, 80 N.W. 91 (1899). Therefore, the Bank argues that it has retained the right to foreclose on the mortgaged properties that remain, as long as no personal actions for deficiency judgments are brought.

This court must determine the application of sec. 816.-101, Stats., to situations where more than one mortgage secures a debt and where the mortgagee elects to foreclose on only some of the mortgages under the statute's shortened redemption period. The interpretation of a statute and its application to a stipulated set of facts are questions of law which this court may decide without giving deference to the trial court's decision. *Ynocencio v. Fesko,* 114 Wis. 2d 391, 396, 338 N.W.2d 461 (1983), citing *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357 (1983).

The legislature has not provided us with a procedure to follow in such a situation. However, this court has recognized that:

"the cardinal rule in interpreting statutes is that the purpose of the whole act is to be sought and is favored over a construction which will defeat the manifest object of the act." *Student Asso., U. of Wis.-Milw. v. Baum,* 74 Wis. 2d 283, 294–95, 246 N.W.2d 622 (1976), citing 2A Sutherland, *Statutory Construction* sec. 46.05 at 56–57 (4th ed. 1973).

Therefore, we must consider the problems which the legislature addressed in sec. 816.101, Stats., and the ends which it sought to achieve by enacting the statute, in light of Wisconsin's laws concerning mortgage foreclosure as set forth in ch. 816.

Wisconsin is a state which follows the lien theory of mortgages. In other words, the mortgagee does not have

legal title in the mortgaged premises. Section 708.01, Stats. *See also, Mutual Fed. S. & L. Asso. v. Wisconsin Wire Wks.,* 58 Wis. 2d 99, 104, 205 N.W.2d 762 (1973). The mortgagor retains full ownership in the property, which consists of equitable and legal title, while the mortgagee's interest is that of a lien holder. Therefore, the mortgagee's status is that of a holder of a security interest. *Id.* at 104, citing Osborne, *Mortgages,* sec. 127 at 208. *See also, Bank of Commerce v. Waukesha County,* 89 Wis. 2d 715, 279 N.W.2d 237 (1979).

The predominant characteristic of a real estate mortgage is that the mortgage operates as security for debt, whether the debt consists of a present debt or future advances.

" '[T]he debt secured by a mortgage is regarded as the *primary obligation* between the parties, and the mortgage as incidental to the indebtedness or obligation secured thereby.' "

55 Am. Jur. 2d *Mortgages* sec. 132 (1971) (emphasis added). This court has affirmed the theory that the mortgage is incidental to the principal obligation of indebtedness between the parties. *See, Estate of Rosenthal,* 34 Wis. 2d 402, 406, 149 N.W.2d 585 (1967) ; *Doyon & Rayne Lumber Co. v. Nichols,* 196 Wis. 387, 390, 220 N.W. 181 (1928) ; *Cawley v. Kelley,* 60 Wis. 315, 319, 19 N.W. 65 (1884). Although " '[a] mortgage is not property at all independent of the debt it secures,' " *Doyon & Rayne Lumber Co.,* 196 Wis. at 390 (citation omitted), this court has determined that the mortgage note and the mortgage securing the note are to be construed together. *Wipfli v. Bever,* 37 Wis. 2d 324, 327, 155 N.W.2d 71 (1967).

The purpose of a foreclosure suit is to enable the mortgagee, or lien holder, to apply the mortgaged property to the debt which it secures.

"A foreclosure suit has been said to be merely a proceeding for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction." 55 Am. Jur. 2d *Mortgages* sec. 553 (1971).

This court has acknowledged this purpose in the decision of *Shuput v. Lauer,* 109 Wis. 2d 164, 325 N.W.2d 321 (1982). After noting the distinction between the judgment of foreclosure and sale and the statutory proceedings following the judgment, this court utilized the following language:

"The judgment of foreclosure and sale determines the parties' legal rights in the underlying obligation and in the mortgaged property and thus determines the default, the right of the mortgagee to realize upon the security, the time and place of sale of the security and the notice required, and the right of the mortgagee to a judgment of deficiency." Ch. 846, Stats. (1979–80). *Id.* at 171.

Originally in this state, however, there were two separate remedies for the collection of a debt secured by a mortgage. One remedy consisted of an action at law upon the contract, or note, to enforce personal liability; the other consisted of an action in chancery to "realize upon the security" by foreclosing upon the mortgage. *Duecker v. Goeres,* 104 Wis. at 37.

" 'On a bill to foreclose a mortgage the mortgagee is confined to his remedy on the mortgage. The suit cannot be extended to the mortgagor's other property, or against his person, in case the property mortgaged is not sufficient to pay the debt for which it is pledged. The mort-

gagee's further remedy *is at law*, where he may sue at the same time on his bond or on the covenant to pay the money, and after a foreclosure of the mortgage in equity he may sue on his bond, at law, for the deficiency.' " *Marling v. Maynard*, 129 Wis. 580, 587, 109 N.W. 537 (1906) (emphasis supplied; citations omitted).

The right to enforce personal liability by judgments for deficiency in a foreclosure action came to be an available statutory remedy with the passage of ch. 243, Laws of Wisconsin 1862, which authorized a judgment for deficiency against the defendants personally liable in all foreclosure actions when the deficiency was requested in the complaint. *Farmers & Merchants Bank v. Matsen*, 219 Wis. 401, 403, 263 N.W. 192 (1935); *Stellmacher v. Union Mortgage Loan Co.*, 195 Wis. 635, 637, 219 N.W. 343 (1928); *Duecker v. Goeres*, 104 Wis. at 38; *Marling v. Maynard*, 129 Wis. at 587.[2]

The foreclosure action has been described as complicated, requiring extensive time and expense. Worthing, *Real Estate Foreclosures*, 34 Wis. Bar Bull. 63 (December, 1961). Section 816.101, Stats., originally numbered sec. 278.101, was created by ch. 626, sec. 2, Laws of Wisconsin 1959. It is prefaced by the following language:

"AN ACT . . . to create 278.101 of the statutes, relating to permitting a 6-month period of redemption from foreclosure of parcels under 3 acres when no deficiency is sought."

We believe that this language indicates what ends the legislature sought to accomplish by enacting the statute —shortening the period of redemption in a complicated, costly, time-consuming procedure. This obviously bene-

---

[2] *See also, Marling v. Maynard*, 129 Wis. at 589, Winslow, J., concurring, where the law of Wisconsin prior to the enactment of ch. 243, Laws of 1862, is discussed concerning the joinder of the action at law with the foreclosure action.

fits the mortgagee, since the mortgagee may be able to reduce the losses normally attendant to the twelve-month redemption period. However, the mortgagor is also protected, because at the end of this shortened period, the mortgagor is secure in the knowledge that he or she will not be responsible for any deficiency resulting from the sale.

The Glovers argue that because the Bank elected to waive personal deficiency, confirmation of the foreclosure sale satisfies the debt and extinguishes the mortgage. However, we believe that this theory confuses the historical distinction between the two separate elements of the real estate mortgage—the debt itself and the mortgage acting as security for the debt. Although one may presently combine the causes of action for foreclosure on the mortgage and personal liability for deficiencies resulting from the sale, we believe that the historically separate treatment of the two elements controls in our interpretation of sec. 816.101. It must be kept in mind that the primary obligation between the parties is the debt. The mortgage functions as security for this debt. *Estate of Rosenthal,* 34 Wis. 2d 402; *Doyon & Rayne Lumber Co. v. Nichols,* 196 Wis. 387; and *Cawley v. Kelley,* 60 Wis. 315.

Also, we believe a review of the past treatment of these two elements is relevant. In *Welp v. Gunther,* 48 Wis. 543, 4 N.W. 647 (1880), the court considered the propriety of a personal judgment rendered against the party personally liable for the debt secured by the mortgage in the judgment of foreclosure. The *Gunther* court found such a personal judgment rendered in the judgment of foreclosure to be erroneous under sec. 3162, R.S. 1878, and noted the following:

"The language [of the statute] is: 'When demanded in the complaint, the judgment of foreclosure shall contain

an *order* directing that judgment be rendered for any deficiency against the persons liable therefor.' This language clearly negatives the inference that the judgment for the deficiency shall be contained in the judgment of foreclosure; but the judgment of foreclosure shall contain an order directing a future judgment or order against the parties liable therefor, for any deficiency which shall remain after the proceeds of the sale are properly applied to the payment of the mortgage debt; and it is evident that this order to pay the deficiency cannot be entered until it be first ascertained that a deficiency exists, and its legal existence can be determined only by the confirmation of the sale." *Id.* at 548 (Emphasis supplied.)

Although the Wisconsin statutes no longer contain a provision stating that the judgment of foreclosure shall contain an "order" directing that judgment for deficiencies shall be rendered, sec. 816.04, Stats. (1973), presently numbered sec. 846.04, concerning judgments for deficiencies, states the following:

"The plaintiff may in his complaint demand judgment for any deficiency which may remain due to him after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage and judgment for any such deficiency remaining after applying the proceeds of sale to the amount due may in such case be rendered. Such judgment for deficiency shall be ordered in the original judgment and separately rendered against the party liable *on or after the coming in and confirmation of the report of sale,* and be docketed and enforced as in other cases." (Emphasis added.)

As a result, we believe that the argument which the *Gunther* court utilized to interpret sec. 3162, R.S. 1878, still applies. The legal existence of a deficiency can be determined only by the confirmation of the sale, after the security is applied to the debt. This is consistent with the language of sec. 816.101, which states that the mort-

gagee may elect to "waive judgment for any deficiency which may remain due to him *after the sale of the mortgaged premises.*" (Emphasis added.)

As we noted above, the purpose of a foreclosure suit is to enable the mortgagee to apply the security toward the debt, since prior to this point the mortgagee has only occupied the status of a lien holder. The mortgagee does not acquire title to the property, if the mortgagee bids at the sheriff's sale, until judicial confirmation of the sale. Section 816.17, Stats. *See also, Bank of Commerce v. Waukesha County,* 89 Wis. 2d 715. The legal existence of a deficiency cannot be determined until after the confirmation of the sale. *Welp v. Gunther,* 48 Wis. 543. Consequently, we believe that a mortgagee must be allowed to apply all of the security toward the debt before the issue of personal deficiency is ever raised. Accordingly, we hold that a waiver of personal deficiency does not imply waiving the right to make further applications of the remaining security toward the debt. The Bank is entitled to foreclose on the remaining mortgages securing the debt, since the primary obligation for the debt still exists until all the security has been applied toward it. We also believe that the two-step approach adopted by this court is consistent with the historical treatment of the separate remedies for personal liability and foreclosure upon the mortgage. *Duecker v. Goeres,* 104 Wis. at 37. Although both remedies are available in present-day foreclosure actions, they are still separate and distinct elements. One cannot equate the equitable remedy which serves to apply the security toward the debts with the remedy at law for personal liability on the debt. One must deal with the one remedy before one attempts to grant the second. As this court noted in *Farmers & Merchants Bank v. Matsen,* 219 Wis. at 403,

"When a deficiency judgment is entered in a foreclosure action, it is a final adjudication of the defendant's common law liability for the debt. There is in reality but one judgment, the judgment of foreclosure. The so-called deficiency judgment is merely a completion of the judgment upon the coming in and confirmation of the report of sale. *Gaynor v. Blewett,* 86 Wis. 399, 57 N.W. 44."

"It would seem to require no argument to show that a prayer for a judgment of deficiency is a prayer for a judgment upon so much of the note as remains unsatisfied after the application of the proceeds of sale, and is therefore equivalent to an action upon the note. The statute relating to deficiency judgments merely permits a combination of two causes of action, one upon the note, and one for foreclosure, with certain restricting provisions so that as a matter of fact no execution may issue until after the foreclosure action is completed."

We believe our analysis is also consistent with the two-step process recently set forth in *Shuput v. Lauer,* 109 Wis. 2d 164.

The Glovers argue that if the Bank is permitted to foreclose on the further mortgages, it will ultimately be able to pursue any deficiencies from the Green Lake county parcels by recovering from future sales. However, we are unswayed by this argument. The trial court interpreted sec. 816.101, Stats., as requiring the waiver of personal deficiencies only after all the security has been realized through the foreclosure judgment and sale and confirmation of sale. Therefore, upon the completed sale of all the properties, the Bank would be estopped from pursuing any deficiencies.

We find this to be a reasonable interpretation of sec. 816.101, Stats., and the Glovers' argument concerning the waiver to be unreasonable.

"It has been called a golden rule of statutory interpretation that unreasonableness of the result produced by

one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result. It is said to be a 'well established principle of statutory interpretation that the law favors rational and sensible construction.'

"A statute is a solemn enactment of the state acting through its legislature and it must be assumed that this process achieves an effective and operative result. It cannot be presumed that the legislature would do a futile thing." 2A Sutherland, Statutory Construction sec. 45.12 (4th ed. 1973) (footnotes omitted).

Not allowing the Bank to foreclose upon the remaining mortgages would in essence deprive the Bank from realizing upon the security on which it initially based its decision to extend the loan. It would also provide a windfall to the mortgagors. However, in order to protect the mortgagor in situations where the mortgagee does not foreclose upon all mortgages securing the debt in one proceeding, we hold that the mortgagee waives personal deficiencies upon the completed sale of *all of* the remaining properties. Consistent with this reasoning, we find that an election by the mortgagee under sec. 816.101, Stats., prevents the mortgagee from foreclosing under the shortened period for some parcels and then attempting to follow the twelve-month period for the remaining parcels in an attempt to obtain a deficiency judgment. We believe that this is a reasonable interpretation of the statute.

The language prefacing the enactment of sec. 816.101, Stats. (then sec. 278.101), evinces an attempt by the legislature to shorten the period of redemption in a complicated and costly time-consuming process. Likewise, it evinces a concern for the protection of the mortgagor, who is not allowed the usual twelve-month period in which to redeem. This protection comes in the form of a waiver of personal deficiency by the mortgagee. We

believe that the legislature merely sought to provide an alternative means of foreclosure through the enactment of the statute and did not seek to establish a totally new method of foreclosure, devoid of any similarity to the long-standing process. We also believe that the legislature envisioned the most common example of a real estate mortgage, that where one debt is secured by a single mortgage. Therefore, we find that the interpretation adopted by this court today is that which comports most harmoniously with the entire chapter concerning foreclosure. *See,* 2A Sutherland, *Statutory Construction* sec. 46.05 (4th ed. 1973). *See also, Student Asso., U. of Wis.-Milw. v. Baum,* 74 Wis. 2d at 294–95.

In summary, we hold that the election by a mortgagee to foreclose under sec. 816.101, Stats., on one or more mortgages securing a debt does not preclude the mortgagee's right to foreclose upon the remaining mortgages. Such an election does, however, preclude the mortgagee from pursuing a personal deficiency after the completed sale of the remaining mortgages.

*By the Court.*—The order of the circuit court is affirmed.