Richard A. PAULTON, individually, and in the name of the State of Wisconsin,† Plaintiff-Appellant,

v.

John VOLKMANN, Joseph Gregas, Eugene Welhoefer, individually, and as members of the School Board of Phelps, Wisconsin, Defendants-Respondents,

and

John OXLEY, individually, and as administrator of the Phelps, Wisconsin School District, Defendant.

Court of Appeals

*No. 86–1369. Submitted on briefs March 17, 1987—Decided August 18, 1987.*

(Also reported in 415 N.W.2d 528.)

† Petition to review pending.

For plaintiff-appellant there were briefs by *Frederic E. Hatch* of *F.E. Hatch & Associates,* of St. Germain.

For defendants-respondents there was a brief by *John L. O'Brien* of *Drager, O'Brien, Anderson, Burgy & Garbowicz,* of Eagle River.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Richard Paulton appeals a judgment and an order dismissing his claim that the Town of Phelps school board members violated the Wisconsin open meetings law. The issue is whether under sec. 19.82(2), Stats., the members of the Phelps school board were "meeting" for the purpose of exercising the school board's responsibilities, authority, power, or duties when they attended a meeting at the Town of Alvin. Because the trial court's finding that the Phelps school board members were not meeting for the purpose of exercising the board's responsibilities, authority, power, or duties is supported by the record, we affirm.

The Town of Alvin is a small community located approximately twenty miles to the east of the Town of Phelps. The Town of Alvin operated a separate school district until it merged with the adjacent Crandon school district.

In 1985, the Town of Alvin considered detaching from the Crandon school district and merging with the Phelps school district. The Alvin town clerk asked the Phelps school district secretary to have someone knowledgeable in the practices and policies of that district attend a gathering of Alvin residents to answer questions regarding the district's operations. Mr. Oxley, the Phelps school district administrator, was out of town so the secretary informed Mr. Volkmann, a Phelps school board member. Volkmann in turn asked Mr. Gregas, a Phelps school board member, to attend with him, but Gregas was not sure he would be able to attend. Volkmann then called Mr. Welhoefer, another board member, and asked him to attend. As it turned out, both Gregas and Welhoefer were able to attend, so all three went to Alvin. When they arrived at the meeting, they found that Oxley

was also in attendance. The board members made no prior public announcement of the meeting.

The meeting consisted of approximately thirty Town of Alvin residents, the town chairman, the town clerk, the Phelps school district administrator, and the three Phelps school board members. The three board members constituted a quorum of the Phelps school board. During the meeting, the Alvin residents asked a number of questions regarding the Phelps school board's curriculum, transportation, and taxes. Oxley answered the majority of these questions, while the Phelps school board members answered only a few personal questions pertaining to their own children within the Phelps school system. Also during the meeting, but unknown to Oxley or the Phelps school board members, a petition was circulated advocating the merger of the Alvin and Phelps school districts.

The petition circulated at the Alvin town meeting was later given to Oxley and placed on the Phelps school board's agenda. At its next meeting, the Phelps school board acted on the petition to the extent that a date was scheduled for a joint board meeting with the Crandon school board.

Richard Paulton, a resident of the Town of Phelps, commenced an action against Oxley and the three Phelps school board members who had attended the meeting at the Town of Alvin. Paulton contended that the meeting had been conducted in violation of Wisconsin's open meetings law, secs. 19.81 to 19.97, Stats., because public notice of the Town of Alvin meeting had not been given by the Phelps school board as required by secs. 19.83 and 19.84, Stats.[1]

---

[1]Section 19.83, Stats., provides:

The trial court concluded that the board had not violated the open meetings law because the Phelps school board members had neither received information, heard arguments, nor otherwise exercised the board's responsibilities, authority, power, or duties.

Whether statutory provisions apply to a particular set of facts presents a question of law. *Glover v. Marine Bank,* 117 Wis. 2d 684, 691, 345 N.W.2d 449, 452 (1984). We review a question of law without

> **Meetings of governmental bodies.** Every meeting of a governmental body shall be preceded by public notice as provided in s. 19.84, and shall be held in open session. At any meeting of a governmental body, all discussion shall be held and all action of any kind, formal or informal, shall be initiated, deliberated upon and acted upon only in open session except as provided in s. 19.85.

Section 19.84, Stats., provides in part:

> **Public notice.** (1) Public notice of all meetings of a governmental body shall be given in the following manner:
> (a) As required by any other statutes; and
> (b) By communication from the chief presiding officer of a governmental body or such person's designee to the public, to those news media who have filed a written request for such notice, and to the official newspaper designated under ss. 985.04, 985.05 and 985.06 or, if none exists, to a news medium likely to give notice in the area.
> (2) Every public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting, including that intended for consideration at any contemplated closing session, in such form as is reasonably likely to apprise members of the public and the news media thereof.
> (3) Public notice of every meeting of a governmental body shall be given at least 24 hours prior to the commencement of such meeting unless for good cause such notice is impossible or impractical, in which case shorter notice may be given, but in no case may the notice be provided less than 2 hours in advance of the meeting.
> (4) Separate public notice shall be given for each meeting of a governmental body at a time and date reasonably proximate to the time and date of the meeting.

374

deference to the trial court's decision. *Id.* However, we will not disturb a trial court's finding of fact unless it is clearly erroneous. Section 805.17(2), Stats.

Under the Wisconsin open meetings law, a meeting of a governmental body must be preceded by public notice. Section 19.83, Stats. A meeting occurs when members of a governmental body convene for "the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body." Section 19.82(2), Stats. If a quorum of members of the "governmental body are present, the meeting is rebuttably presumed to be for the purpose of exercising responsibilities, authority, power or duties delegated to or vested in the body." *Id.* Therefore, if the presumption is not rebutted, the provisions of the open meetings law require public notice of such a meeting. Sections 19.82(2) and 19.83, Stats. Here, it is undisputed that the three Phelps school board members present at the Alvin town meeting constituted a quorum of the Phelps school board. Consequently, the presumption applied. The question remains whether the presumption was rebutted.

Paulton asserts that in determining that the presumption was rebutted, the trial court erroneously found that the Phelps school board members did not receive information, hear arguments, or otherwise exercise the board's responsibilities, authority, power, or duties.

Based upon the evidence, we conclude that the record supports the trial court's findings for the following reasons. First, Oxley, the Phelps school board administrator, answered the majority of the questions posed by the Alvin residents regarding the

Phelps school board curriculum, transportation, and taxes. The few personal questions addressed to the board members did not involve any official powers or duties.

Second, there is no evidence that the members received arguments or engaged in any discussion concerning the merits of merging the Phelps and Alvin school districts.

Third, the board members were unaware that a petition advocating a merger of the Phelps and Alvin school districts was being circulated during the meeting. The petition was not presented to the board either during the meeting or immediately after it. The coincidental fact that the petition was later placed on the Phelps school board's the petition was later placed on the Phelps school board's agenda and a date was set for a joint board hearing with the Crandon school board is merely the normal process required by statute and not indicative of any prior participation or knowledge of its circulation. Section 117.08(1), Stats.

Finally, there is no evidence that the Phelps school board members present at the meeting encouraged, endorsed, or approved the merger. The record shows that neither the annexation nor the petition were discussed. The record indicates that the meeting was informational, rather than a discussion of the merits of a merger.

Paulton cites two decisions that he asserts mandate a conclusion that the meeting violated the open meetings law. *State v. Swanson,* 92 Wis. 2d 310, 321–22, 284 N.W.2d 655, 661 (1979); *State ex rel. Newspapers, Inc. v. Showers,* 135 Wis. 2d 77, 80, 398 N.W.2d 154, 156 (1987). We disagree and conclude that these cases are distinguishable on their facts.

In both *Swanson* and *Showers,* the court concluded that meetings involving members of particular governmental committees violated the open meetings law because the meetings had been for the purpose of engaging in committee business. *Swanson* involved a meeting held between the town annexation and apportionment committee members and town citizens. At the meeting, the participants discussed annexation, a shopping center, water and sewer services, and the cost of such services. *Swanson,* 92 Wis. 2d at 312, 284 N.W.2d at 656–57. The participants also distributed documents and a proposal dealing with annexation and related subjects. *Id.* These facts led the court to conclude that the members had exercised the committee's responsibilities, power, or duties. *Id.* at 315, 284 N.W.2d at 658. *Showers* involved a meeting of four of an eleven-member metropolitan sewerage commission. At the meeting, the four members discussed the commission's capital and operating budgets in an effort to break an impasse and remove member differences without public posturing. *Showers,* 135 Wis. 2d at 82, 398 N.W.2d at 156–57. From these facts, and despite the absence of a quorum, the court concluded that the purpose of the meeting was to engage in governmental business. *Id.* at 102–03, 398 N.W.2d at 165–66.

The facts of this case are readily distinguishable from both *Swanson* and *Showers.* Unlike *Swanson* and *Showers,* where the committee members exchanged information and discussed the merits of certain official committee actions, the Phelps school board members did not exercise any of their official responsibilities, power, or duties. The board members did not engage in a discussion concerning the merits of

377

merging the Phelps and Alvin school districts or gather information on this issue.

Accordingly, we conclude that the record supports the trial court's finding that the Phelps school board members did not exercise the board's responsibilities, authority, power, or duties. Consequently, the statutory presumption was rebutted. No meeting occurred as defined by statute and no notice was required. Sections 19.82(2) and 19.83, Stats.

The parties do not raise the issue whether by virtue of the board members' presence, Oxley's answers reflected positions or viewpoints endorsed by the board. Since this issue is not raised, we will not address it. *Reiman Assoc., Inc. v. R/A Advertising, Inc.,* 102 Wis. 2d 305, 306 n. 1, 306 N.W.2d 292, 294 n. 1 (Ct. App. 1981).

Paulton also asserts that the trial court erred by concluding that the failure to provide public notice of the August 13 meeting was not an attempt to evade the open meetings law. Intent to violate the open meetings law is irrelevant in determining whether the law has been violated. *See Swanson,* 92 Wis. 2d at 321–22, 284 N.W.2d at 661. Therefore, we will not address this issue in light of our holding that no meeting occurred.

*By the Court.*—Judgment and order affirmed.