The BANK OF SPRING VALLEY, A Wisconsin Corporation, Plaintiff-Respondent,

v.

David E. WOLSKE,† Defendant-Appellant.

Court of Appeals

*No. 87–2013. Submitted on briefs March 24, 1988.—Decided April 26, 1988.*

(Also reported in 424 N.W.2d 744.)

---

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For defendant-appellant there were briefs by *Michael J. Fairchild* of *Hammarback Law Offices, S.C.,* of Menomonie.

For plaintiff-respondent there was a brief by *Robert R. Gavic* of *Gavic Law Office,* of Spring Valley.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. David E. Wolske appeals a judgment of replevin granted by the Dunn County Small Claims Court. Wolske raises three issues: (1) whether small claims court lacks subject matter jurisdiction to entertain replevin actions involving property worth more than $1,000; (2) whether in a previous foreclosure action, the bank discharged Wolske from further obligation by accelerating the redemption period and waiving any deficiency under sec. 846.101, Stats.; and (3) whether sec. 409.501(4), Stats., precludes the bank from proceeding against the real estate and then against the personal property.

We conclude that small claims court is competent to entertain replevin actions involving property in excess of the $1,000 limit under ch. 799, Stats., when this property has been pledged as security to a creditor. We further conclude that the bank's sec. 846.101 election to waive deficiency judgment does not discharge a claim against additional security, and that sec. 409.501(4) does not preclude the bank from foreclosing on real estate and then proceeding against personal property where both secure the same promissory note. Accordingly, the judgment is affirmed.

The facts are not in dispute. David and Virginia Wolske operated a dairy farm in Dunn County,

Wisconsin, from 1969 through June 18, 1986. On November 30, 1970, they entered into a farm security agreement with The Bank of Spring Valley pledging as security for the loan all farm equipment, livestock, livestock feed, and farm supplies "now owned or hereinafter acquired."

Needing further capital, the Wolskes executed a consumer real estate agreement in 1982, pledging their land as security for obligations due the bank. In 1983, David Wolske individually executed a promissory note for $85,969.24, due thirteen months from the date of execution. Wolske made no payment on this promissory note, and the bank served him with notice of default and his right to cure default. When Wolske failed to cure the default, the bank proceeded against the real estate by commencing a foreclosure action, electing under sec. 846.101 to waive any right to a deficiency so as to accelerate the redemption period.

One year later, a foreclosure judgment was entered, and the properties were directed to be sold at a sheriff's sale. The court confirmed the sale for a purchase price of $68,000.

Approximately one month before the sheriff's sale, the bank sought replevin in small claims court of various personalty, with a combined value of substantially more than $1,000. By pursuing this action, the bank sought to collect the difference between the amount due on the note and the amount realized from the real estate foreclosure sale.

By agreement between Wolske and the bank, the farm equipment was sold at an auction yielding $19,000. The trial court determined that the bank was entitled to approximately one-half of the proceeds and reserved ruling on the remaining one-half until the

rights of Virginia Wolske could be determined in subsequent litigation.

Wolske first contends that under sec. 799.01(3), Stats., the small claims court was without jurisdiction to entertain a replevin action because the value of the personal property sought to be replevied exceeded $1,000. Section 799.01(3) provides for "[a]ctions for replevin under ss. 810.01 to 810.13 where the value of the property claimed does not exceed $1,000."

Here, the issue is not one of jurisdiction, but whether the small claims court lacks competency to entertain a replevin action for property with value in excess of $1,000. Courts are vested with subject matter jurisdiction to entertain civil and criminal actions. *Eberhardy v. Circuit Court,* 102 Wis. 2d 539, 550, 307 N.W.2d 881, 886 (1981). However, where a court has power to deal with an action, but for no more than a designated amount, the court lacks competency for excess sums. *See Mueller v. Brunn,* 105 Wis. 2d 171, 177, 313 N.W.2d 790, 793 (1982).

■Under sec. 425.205(1), Stats., small claims court is competent to entertain this replevin. Section 425.205(1) provides in relevant part:

> Action to recover collateral. (1) Except as provided in s. 425.206, a creditor seeking to obtain possession of collateral or goods subject to consumer lease shall commence an action for replevin of such collateral or leased goods. Such actions shall be conducted in accordance with ch. 799, notwithstanding s. 799.01(3) and the value of the collateral or leased goods sought to be recovered ....

Section 425.205(1) unambiguously states that the $1,000 limit under sec. 799.01(3) is not applicable

when the property sought to be replevied is collateral. In the present action, the bank sought to recover the personal property securing the 1983 promissory note. Because this property was collateral, sec. 425.205(1) properly controls and small claims court was competent to entertain this replevin action.

Wolske next challenges the bank's right to collect additional sums due after having elected a six-month redemption period, and specifically waiving any right to a deficiency judgment pursuant to sec. 846.101. Wolske reasons that because the bank has elected to waive any deficiency remaining after the real property has been sold, the bank is precluded from proceeding against the remaining security for the unpaid portion of the note.

This issue is controlled by *Glover v. Marine Bank,* 117 Wis. 2d 684, 345 N.W.2d 449 (1984). In *Glover,* our supreme court examined a similar claim where the debtor executed four mortgages on five separate properties to secure payment of two promissory notes. After the bank foreclosed some of the mortgages pursuant to sec. 816.101, Stats.[1] the debtor contended that the bank was precluded from proceeding on the other mortgages pledged to secure the notes. The court rejected this contention pointing out that:

> [T]he purpose of a foreclosure suit is to enable the mortgagee to apply the security toward the debt, since prior to this point the mortgagee has only occupied the status of a lien holder. The mortgagee does not acquire title to the property, if the mortgagee bids at the sheriff's sale, until judicial

---

[1]Section 816.101 has been amended and renumbered sec. 846.101. Wisconsin R. of Civ. P., 67 Wis. 2d 768 (1975); sec. 2, ch. 304, Laws of 1977. For purposes of our discussion, no substantive difference exists between these two sections.

confirmation of the sale. The legal existence of a deficiency cannot be determined until after the confirmation of the sale. Consequently, we believe that a mortgagee must be allowed to apply all of the security toward the debt before the issue of personal deficiency is ever raised. Accordingly, we hold that a waiver of personal deficiency does not imply waiving the right to make further applications of the remaining security toward the debt. The Bank is entitled to foreclose on the remaining mortgages securing the debt, since the primary obligation for the debt still exists until all the security has been applied toward it.

*Glover,* 117 Wis. 2d at 697, 345 N.W.2d at 455 (citations omitted).

While we recognize that *Glover* dealt with a series of real estate mortgages, we perceive no significant distinction between the rationale of the court's holding in *Glover* and the effect of such election when the remaining security happens to be personal property. By electing to waive any deficiency remaining after the realty has been sold, the bank is not precluded from foreclosing on the remaining security necessary to satisfy the debt irrespective of whether the remaining security is real or personal. In so holding we note, however, that when electing to proceed under sec. 846.101, the bank does waive the right to proceed against Wolske for any remaining deficiency after the value of security for the indebtedness has been realized. *See Glover,* 117 Wis. 2d at 700, 345 N.W.2d at 457.

Wolske attacks *Glover* and its rationale by contending that a bank can depress the proceeds of a foreclosure sale to assure that all of the property pledged by the debtor will be liquidated even though

the total fair market value of such security may substantially exceed the amount of indebtedness. We are unpersuaded.

Wolske's argument misconceives the nature of the foreclosure proceedings and the rights the debtor has to challenge the bid price during the foreclosure action. The debtor can vigorously examine the foreclosure sale, the price bid, and its relationship to the property's fair value. Our laws assure the debtor the opportunity to challenge inadequate bids and require the creditor or any other successful bidder to bid at the fair value of the property being sold. *See Baumgarten v. Bubolz,* 104 Wis. 2d 210, 220, 311 N.W.2d 230, 235 (Ct. App. 1981).

Finally, Wolske argues that under sec. 409.501, the bank is precluded from proceeding first against the mortgaged premises and then against personal property pledged as security. This argument is no more than the other side of the coin already examined. Section 409.501 is entitled "Default; procedure when security agreement covers both real and personal property," and subsec. (4) provides:

> If the security agreement covers both real and personal property, the secured party may proceed under ss. 409.501 to 409.507 as to the personal property or he may proceed as to both the real and the personal property in accordance with his rights and remedies in respect of the real property in which case the provisions of ss. 409.501 to 409.507 do not apply.

This provision has been interpreted in the comment to the Uniform Commercial Code to permit, but not require, the secured party to proceed against both real and personal property in accordance with his

768

rights and remedies when both real and personal property have been pledged as security. *See* Official U.C.C. Comment cited in Wis. Stat. Ann., sec. 409.501, para. 5 (West 1964). The comment specifically states that sec. 409.501 does not preclude a secured party from proceeding against the real estate alone and then later proceeding in a separate action against the personal property in accordance with the party's then existing rights and remedies. *Id.*

We believe that this comment is a reasonable interpretation. By proceeding against the real estate, it may be difficult to assess whether the real estate foreclosure sale will satisfy the debtor's obligation. If any portion of the obligation remains after the application of the proceeds, the creditor can then determine the wisdom and desirability of proceeding against the personal property to satisfy the obligation. This option eliminates the need for proceeding against the personal property when the real estate alone satisfies the debtor's obligation. It also better protects the debtor's rights by avoiding unnecessary action against the security to satisfy the obligation.

*By the Court.*—Judgment affirmed.