BANK OF NEW YORK, Plaintiff-Respondent,

v.

Shirley T. CARSON, Defendant-Appellant,†

BAYFIELD FINANCIAL LLC and
Collins Financial Services, Defendants.

Court of Appeals

*No. 2013AP544. Submitted on briefs October 8, 2013.
—Decided November 26, 2013.*

2013 WI App 153

(Also reported in 841 N.W.2d 573.)

† Petition for Review granted May 23, 2014.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *April A.G. Hartman*, of *Legal Action of Wisconsin, Inc.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William N. Foshag* of *Gray & Associates, LLP*, of New Berlin.

An *amicus curiae* brief was submitted by *Catherine M. Doyle* and *Amanda E. Adrian* of *The Legal Aid Society of Milwaukee, Inc.*

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. CURLEY, P.J. Shirley T. Carson appeals the trial court's order denying her motion to amend a judgment of foreclosure on her former home. Carson, who moved to amend the judgment to include a finding

that the property was abandoned and to order Bank of New York (hereafter "the Bank") to sell the property upon the expiration of the five-week redemption period pursuant to WIS. STAT. § 846.102 (2011–12),[1] argues that the trial court erred in denying her motion to amend the judgment. Specifically, she argues that the trial court erred in construing § 846.102 to mean that only the Bank could elect the five-week abandonment period provided in the statute, and argues that the trial court erred in determining that it did not have the authority to order a sale of the property. We agree with Carson and reverse and remand the order.

## BACKGROUND

¶ 2. On January 25, 2011, the Bank filed a foreclosure action against Carson concerning residential property located at 1422 West Concordia Avenue in Milwaukee. Carson, a sixty-two-year-old widow who was physically and financially unable to care for the property, did not answer or dispute the foreclosure. Indeed, as reflected in the Bank's "Affidavit of Reasonable Diligence," around the time the Bank initiated its foreclosure upon Carson's home, Carson had already vacated the property, and the Bank was aware that she had done so.

¶ 3. On April 26, 2011, the Bank registered the property as abandoned with the City of Milwaukee, *see* Milwaukee Municipal Code § 200–22.5 (requiring lenders who initiate foreclosure proceedings to inspect the property subject to foreclosure every thirty days, and requiring lenders to register and maintain abandoned property), and three days later, on April 29, 2011, the

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

Bank filed a motion for default judgment. In its motion, the Bank affirmed that the property was non-owner occupied based on property inspection records it maintained.

¶ 4. The trial court granted the Bank's motion for default judgment on June 13, 2011.[2] The trial court signed the order provided by the Bank finding the property non-owner occupied at the commencement of the action and ordering that the property shall be sold at any time after three months from the date of entry of judgment. The trial court further enjoined all parties from committing waste upon the premises. Finally, the trial court ordered that "the plaintiff may take all necessary steps to secure and winterize the property in the event it is abandoned or becomes unoccupied during the redemption period or until such time as this matter is concluded."

¶ 5. Thereafter, despite receiving a notice from the City of Milwaukee's Department of Neighborhood Services reminding it to comply with its duty to inspect the property every thirty days, to notify the Department if the property was abandoned, and to maintain the property, the Bank did not maintain the property. The redemption period passed, but no sheriff's sale was scheduled. The property was later burglarized and vandalized. On June 26, 2012, the City of Milwaukee issued a notice of violation because the vacant house was not maintained in a closed or locked condition. On August 21, 2012, a City of Milwaukee inspector noted boxes, scrap wood and loose trash in the alley and backyard, as well as other debris on the property. Carson made monthly payments of at least $25 to the

[2] The Honorable Mel Flanagan granted the default judgment.

City of Milwaukee toward the fines resulting from the unaddressed building code violations; however, as noted, she was unable to contribute anything further toward the upkeep of the property. In sum, the property was not maintained, was not sold, and became what is commonly known as a lender walkaway or a "zombie" property.[3]

¶ 6. On November 6, 2012, more than sixteen months after the judgment of foreclosure was entered and more than a year after the redemption period had expired, Carson filed a motion to amend the judgment. Carson filed her motion pursuant to WIS. STAT. § 806.07(g) & (h) seeking an amendment finding that the property was abandoned pursuant to WIS. STAT. § 846.102 and an order requiring a sale of the property to be made upon the expiration of five weeks from the date of the amended judgment so that the foreclosure would comply with § 846.102. In support of her motion, Carson submitted: an affidavit stating that she had abandoned the property, moved to a new address and notified the Bank about her move; the City of Milwaukee Registration of Abandoned Property in Foreclosure filed by the Bank; the Bank's Affidavit of Reasonable Diligence, in which facts consistent with abandoned property were alleged; and the Advisory Notice issued by the Department of Neighborhood Services ordering the Bank to register, maintain, and inspect the prop-

---

[3] *See, e.g.,* http://www.reuters.com/article/2013/01/11/us-usa-foreclosures-zombies-idUSBRE9090G920130111 ("[T]housands of homeowners are finding themselves legally liable for houses they didn't know they still owned after banks decided it wasn't worth their while to complete foreclosures on them. With impunity, banks have been walking away from foreclosures much the way some homeowners walked away from their mortgages when the housing market first crashed.") (last visited November 1, 2013).

erty. The Bank opposed the motion, arguing that neither the applicable statutory language nor equity permitted the trial court to order it to hold a sale.

¶ 7. The trial court denied Carson's motion. The trial court noted that there were no published decisions addressing whether a court may order a bank to sell a property within a certain period of time subsequent to the entry of a judgment of foreclosure. Given the dearth of authority on the matter, the trial court reasoned that it did not have the authority to order the sale of the property. Additionally, the trial court construed WIS. STAT. § 846.102 to mean that only the Bank could elect the five-week abandonment period provided in the statute. The trial court concluded:

> [W]ithout any specific case, or even anything similar that can tell me that I can [amend the judgment], I can't find that I do have the authority to do this. In general, a plaintiff can't be compelled to execute a judgment that they have obtained.

> [WIS. STAT. §] 815.04 talks about the execution of judgments, and they can be executed at any time within five years.

> I would also note that the redemption period is generally elected by the plaintiff through their pleadings and through their decisions to seek deficiency judgment or not seek a deficiency judgment.

> The burden of proof as to abandonment is on the plaintiff, so the statutory scheme contemplates an election by the plaintiff of that redemption period.

> So given all of that, I can't find anywhere in the statute that I have the authority to grant the relief that [Carson is] requesting . . . .

¶ 8. Because the trial court found that it did not have the authority to grant Carson relief, it did not

reach the question of whether there were grounds for relief pursuant to WIS. STAT. § 806.07 or whether relief would be equitable in light of the facts of the case. Carson appeals.

## ANALYSIS

¶ 9. On appeal, Carson argues that the trial court erred in denying her motion to amend the judgment. Specifically, she argues that the trial court erred in construing WIS. STAT. § 846.102 to mean that only the Bank could elect the five-week abandonment period provided in the statute. She also argues that the trial court erred in determining that it did not have the authority to order a sale of the property. We agree with Carson.

¶ 10. This case requires us to examine the trial court's interpretations of WIS. STAT. § 846.102, and we are therefore required to review the matter *de novo. See Harbor Credit Union v. Samp*, 2011 WI App 40, ¶ 19, 332 Wis. 2d 214, 796 N.W.2d 813 (" 'Generally, mortgage foreclosure proceedings are equitable in nature' "; but to the extent resolution of the issues requires statutory construction, " 'they present questions of law, which we review de novo.' ") (citation omitted). When reviewing statutes, our inquiry " 'begins with the language of the statute.' " *See State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). We give statutory language "its common, ordinary, and accepted meaning," and give "technical or specially-defined words or phrases" "their technical or special definitional meaning." *See id.* We must also keep in mind that "[c]ontext is important to meaning. So, too, is the structure of the

statute in which the operative language appears." *See id.*, ¶ 46. Therefore, we interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *See id.*; *see also Samp*, 332 Wis. 2d 214, ¶ 23 ("In the mortgage foreclosure context, interpretations of statutes must be based on 'the context of ch. 846 as a whole,' because ch. 846 'sets up a comprehensive scheme of foreclosure, including the procedural and substantive requirements for obtaining a deficiency judgment for the unpaid balance on the debt remaining after a foreclosure sale.' ") (citation omitted).

¶ 11. We turn to the statute in question. WISCONSIN STAT. § 846.102 provides:

(1) In an action for enforcement of a mortgage lien if the court makes an affirmative finding upon proper evidence being submitted that the mortgaged premises have been abandoned by the mortgagor and assigns, judgment shall be entered as provided in s. 846.10 except that the sale of such mortgaged premises shall be made upon the expiration of 5 weeks from the date when such judgment is entered. Notice of the time and place of sale shall be given under ss. 815.31 and 846.16 and placement of the notice may commence when judgment is entered. In this section "abandoned" means the relinquishment of possession or control of the premises whether or not the mortgagor or the mortgagor's assigns have relinquished equity and title.

(2) In addition to the parties to the action to enforce a mortgage lien, a representative of the city, town, village, or county where the mortgaged premises are located may provide testimony or evidence to the court under sub. (1) relating to whether the premises have been abandoned by the mortgagor. In determining

213

whether the mortgaged premises have been abandoned, the court shall consider the totality of the circumstances, including the following:

(a) Boarded, closed, or damaged windows or doors to the premises.

(b) Missing, unhinged, or continuously unlocked doors to the premises.

(c) Terminated utility accounts for the premises.

(d) Accumulation of trash or debris on the premises.

(e) At least 2 reports to law enforcement officials of trespassing, vandalism, or other illegal acts being committed on the premises.

(f) Conditions that make the premises unsafe or unsanitary or that make the premises in imminent danger of becoming unsafe or unsanitary.

█

¶ 12. Given the plain language of the statute, it is clear that whether or not the five-week redemption period may be applied to a particular property depends on the condition of the property, not the plaintiff's preference. Contrary to the trial court's conclusion, there is nothing in the statute placing the burden upon a plaintiff—in this case, the Bank—to prove abandonment. Nor is there any language limiting election of the five-week redemption period only to the plaintiff. Indeed, the statute plainly provides that any party to a foreclosure action, as well as municipal representatives, are permitted to present evidence of abandonment. *See* Wis. Stat. § 846.102(2) ("In addition to *the parties to the action* to enforce a mortgage lien, a representative of the city, town, village, or county where the mortgaged premises are located may provide testimony or evidence . . . .") (emphasis added). We therefore conclude

214

that the trial court erred as a matter of law when it concluded that only the Bank could elect the five-week abandonment period provided in the statute. The trial court could have, given the evidence presented by Carson—specifically, the affidavit in which Carson stated that she had abandoned the property and the City of Milwaukee Registration of Abandoned Property in Foreclosure filed by the Bank, among other documents—decided to amend the judgment to a foreclosure of an abandoned property as described by § 846.102.

¶ 13. The statutory language also makes clear that the trial court did have the power to order the Bank to sell the property upon the expiration of the redemption period. The legislature used the word "shall" twice in the first sentence of WIS. STAT. § 846.102(1). The statute declares that judgment "shall" be entered, and later states that sale of the mortgaged premises "shall" be made upon the expiration of five weeks from the date of entry of judgment. *See id.*; *see also GMAC Mortgage Corp. v. Gisvold*, 215 Wis. 2d 459, 477, 572 N.W.2d 466 (1998) ("The general rule in interpreting statutory language is that 'the word "shall" is presumed mandatory when it appears in a statute.' ") (citation omitted). We conclude that the plain language of the statute directs the court to ensure that an abandoned property is sold without delay, and it logically follows that if a party to a foreclosure moves the court to order a sale, the court may use its contempt authority to do so.

¶ 14. To hold otherwise would not only run contrary to the plain language of the statute, but would also strip individuals in Carson's situation of any remedies at law and allow lenders to leave properties in

limbo for years. This is certainly not what the legislature had in mind when it drafted WIS. STAT. § 846.102. As explained in the City of Milwaukee Municipal Code, communities have an interest in "preserving the condition and appearance of residential properties" that § 846.102, with its five-week redemption period for abandoned properties, helps protect:

> The purpose of [the ordinance requiring registration of residential properties pending foreclosure] is to . . . reduce and prevent neighborhood blight, to ameliorate conditions that threaten the health, safety and welfare of the public, to promote neighborhood stability and residential owner occupancy by preserving the condition and appearance of residential properties, and to maintain residential property values and assessments.

*See* Milwaukee Municipal Ordinance § 200–22.5(1.5).

¶ 15. Finally, the Bank's contentions that WIS. STAT. §§ 815.04 & 846.18 compel a result different from what we have reached are unpersuasive. Section 815.04(1)(a) provides that the execution of a judgment may issue "at any time within 5 years after the rendition of the judgment." Section 815.04(1)(b) explains that if no execution is issued within five years, "execution may be issued only upon leave of the court, in its discretion, upon prior notice to the judgment debtor[.]" Section 815.04(1)(c) caps the execution of a judgment at twenty years. We agree with Carson that § 815.04 does not control in this case, not only because it is less specific than WIS. STAT. § 846.102, *see Marlowe v. IDS Prop. Cas. Ins. Co.*, 2013 WI 29, ¶ 45, 346 Wis. 2d 450, 828 N.W.2d 812 ("It is axiomatic that where a more specific law on a given subject is potentially in conflict with a more general one on the same subject, the

216

former controls."), but also because § 815.04 does not take into account the redemption period outlined in § 846.102. In other words, it simply is not true that a judgment under § 846.102 can be executed, via sale of the property, at "any time" as described by § 815.04 because the lender must wait for the five-week redemption period to expire before selling the property. We also agree with Carson that it is simply "unreasonable to interpret a statute that mandates a sale 'upon the expiration of five weeks' to mean a sale may be made any time within five years." As for § 846.18, it pertains to situations in which the confirmation of the sale, not the actual sale of the property, has not been timely made and has no bearing on when a court may order a lender to sell foreclosed property.

¶ 16. In sum, because the trial court had the authority pursuant to WIS. STAT. § 846.102 to amend the judgment to find the property at 1422 West Concordia Avenue abandoned, and because the trial court had the authority to order a sale of the property upon the expiration of the statutorily designated redemption period, we conclude that the trial court erred as a matter of law in deciding that it did not have this authority. We therefore reverse the order and remand with directions for findings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.