BANK OF AMERICA, N.A., Plaintiff-Respondent,

v.

Todd M. PRISSEL and Jennifer M. Prissel,
Defendants-Appellants,

BANK MUTUAL, Defendant.

BANK OF AMERICA, N.A., Plaintiff-Respondent,

v.

Elizabeth A. GERLACH, Defendant-Appellant.

Court of Appeals

*Nos. 2014AP642, 2014AP647.*
*Submitted on briefs November 11, 2014.*
*—Decided December 9, 2014.*

2015 WI App 10

(Also reported in 859 N.W.2d 172.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Eric L. Crandall* of *Crandall Law Offices, S.C.*, New Richmond.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David P. Muth* and *John R. Remington* of *Quarles & Brady LLP*, Milwaukee; and of

counsel: *Marc James Ayers* of *Bradley Arant Boult Cummings LLP*, Birmingham, AL and *Edmund S. Sauer* of *Bradley Arant Boult Cummings LLP*, Nashville, TN.

Before Hoover, P.J., Stark and Hruz, JJ.

¶ 1. STARK, J. These consolidated appeals arise from the circuit court's denial of two motions to vacate foreclosure judgments. The borrowers—Todd and Jennifer Prissel, and Elizabeth Gerlach[1]—argue the foreclosure judgments should be vacated because the lender —Bank of America, N.A.—failed to publish notices of foreclosure sale within the six-month redemption periods following entry of the judgments. We conclude Wis. Stat. § 846.101(2)[2] permitted, but did not require, Bank of America to publish the notices within the six-month redemption periods. We therefore affirm.

## BACKGROUND

¶ 2. The underlying facts are undisputed. In September 2005, the Prissels executed a note and mortgage in favor of America's Wholesale Lender on a single-family residential property in Ellsworth, Wisconsin. In February 2007, Gerlach executed a note and mortgage in favor of First Magnus Financial Corporation on a single-family residential property in River Falls, Wisconsin. In both cases, the notes and mortgages were later assigned to other parties and, as the parties agree, ultimately to Bank of America.

---

[1] We refer to Gerlach and the Prissels, collectively, as "the Borrowers" throughout the remainder of this opinion.

[2] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

¶ 3. The Borrowers defaulted. Bank of America then commenced foreclosure proceedings against the Borrowers in Pierce County Circuit Court. In each case, Bank of America waived its right to a deficiency judgment.[3]

¶ 4. The circuit court entered a foreclosure judgment against the Prissels on April 23, 2013, and against Gerlach on March 8, 2013. Because Bank of America did not seek a deficiency judgment in either case, the Borrowers' statutory redemption periods were shortened from twelve months to six months. *See* WIS. STAT. §§ 846.10(1), 846.101(2). Accordingly, both foreclosure judgments provided that the mortgaged properties would be "sold at public auction in Pierce County under the direction of the Sheriff at any time after **six months** from the date of entry of judgment in the manner provided by law[.]"

¶ 5. Bank of America did not publish notices of foreclosure sale during the Borrowers' six-month redemption periods. Thereafter, the Borrowers moved to vacate the foreclosure judgments under WIS. STAT. § 806.07(1)(h).[4] The Borrowers' motions were based on WIS. STAT. § 846.101, which sets forth the procedure for foreclosing a mortgage on an owner-occupied one- to

---

[3] A deficiency judgment is a "judgment against a debtor for the unpaid balance of the debt if a foreclosure sale or a sale of repossessed personal property fails to yield the full amount of the debt due." BLACK'S LAW DICTIONARY 971 (10th ed. 2014).

[4] On appeal, the Borrowers assert they moved to vacate pursuant to WIS. STAT. § 806.07(1)(d) and (1)(h). However, the record establishes they sought relief only under § 806.07(1)(h). As a result, they have forfeited any claim that the circuit court should have vacated the foreclosure judgments pursuant to § 806.07(1)(d). *See State v. Van Camp*, 213 Wis. 2d 131, 144, 569 N.W.2d 577 (1997) (arguments raised for the first time on appeal are generally deemed forfeited).

four-family residence when the lender elects not to pursue a deficiency judgment. Section 846.101(2) states, in relevant part:

> [T]he sale of such mortgaged premises shall be made upon the expiration of 6 months from the date when such judgment is entered. Notice of the time and place of sale shall be given under ss. 815.31 and 846.16 within such 6–month period except that first printing of a copy of such notice in a newspaper shall not be made less than 4 months after the date when such judgment is entered.

¶ 6. Pursuant to WIS. STAT. § 846.101(2), the Borrowers argued Bank of America was required to publish notices of foreclosure sale within their respective six-month redemption periods. Because Bank of America failed to do so, the Borrowers argued Bank of America could not hold valid foreclosure sales, and it therefore had no way to satisfy the foreclosure judgments. Bank of America responded that § 846.101(2) permitted, but did not require, publication of the notices within the Borrowers' redemption periods.

¶ 7. The circuit court denied the Borrowers' motions to vacate in nearly identical orders issued on December 19, 2013. The Borrowers subsequently appealed, and we granted Bank of America's motion to consolidate the appeals on July 31, 2014.

## DISCUSSION

¶ 8. Whether to grant relief from judgment under WIS. STAT. § 806.07(1)(h) lies within the circuit court's discretion. *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶ 8, 282 Wis. 2d 46, 698 N.W.2d 610. However,

where a circuit court's exercise of discretion turns on a question of law, we review the court's decision independently. *Olson v. Farrar*, 2012 WI 3, ¶ 24, 338 Wis. 2d 215, 809 N.W.2d 1. Here, the circuit court's decision was based on its interpretation of WIS. STAT. § 846.101(2), which presents a question of law for our independent review. *See JP Morgan Chase Bank, NA v. Green*, 2008 WI App 78, ¶ 11, 311 Wis. 2d 715, 753 N.W.2d 536.

¶ 9. When interpreting a statute, our objective "is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Our analysis begins with the plain language of the statute. *Id.*, ¶ 45. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* In addition, statutory language must be interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. In particular, interpretations of mortgage foreclosure statutes "must be based on 'the context of ch. 846 as a whole[.]' " *Harbor Credit Union v. Samp*, 2011 WI App 40, ¶ 23, 332 Wis. 2d 214, 796 N.W.2d 813 (quoted source omitted). " 'If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.' " *Kalal*, 271 Wis. 2d 633, ¶ 46 (quoted source omitted).

¶ 10. As discussed above, WIS. STAT. § 846.101(2) provides that, when a lender elects not to pursue a

deficiency judgment, sale of the mortgaged premises "shall be made upon the expiration of 6 months from the date when [the foreclosure] judgment is entered."[5] The statute further states that notice of the sale "shall be given . . . within such 6–month period[.]" Sec. 846.101(2). The Borrowers argue this language is unambiguous. They assert that, by using the word "shall," the legislature clearly indicated that a lender is required to give notice of a foreclosure sale within a borrower's six-month redemption period. In support of this position, the Borrowers cite the general rule that the word "shall" is presumed to be mandatory when used in a statute. *See Karow v. Milwaukee Cnty. Civil Serv. Comm'n*, 82 Wis. 2d 565, 570, 263 N.W.2d 214 (1978).

¶ 11. In response, Bank of America observes that the word "shall" can be construed as directory if necessary to carry out the legislature's clear intent. *See id.* at 571. In particular, "[s]tatutes setting time limits on various activities have often been held to be directory

[5] Interpreting similar language in Wis. Stat. § 846.103(2), which governs foreclosures of commercial properties and multifamily residences where no deficiency is sought, we concluded the word "shall" was directory, and a lender was therefore not required to hold a foreclosure sale immediately upon expiration of the redemption period. *See Deutsche Bank National Trust Co. v. Matson*, No. 2012AP1981, unpublished slip op. (WI App July 30, 2013), *review denied*, 2014 WI 14, 843 N.W.2d 707 (*Matson I*); *Arch Bay Holdings LLC—Series 2008B v. Matson*, No. 2013AP744, unpublished slip op. (WI App March 18, 2014) (*Matson II*). As we discuss in greater detail below, we believe the analysis from *Matson I* and *II* is equally applicable in this case. *See infra,* ¶¶ 23–25. Moreover, even without *Matson I* and *II*, the plain language of Wis. Stat. § 846.101(2) merely requires a foreclosure sale to be held "upon expiration of" the six-month redemption period. The statute does not specify how soon after expiration of the redemption period the sale must be held.

despite the use of the mandatory 'shall,' where such a construction is intended by the legislature." *Id.* Bank of America argues the legislature intended the word "shall" in the notice provision of Wis. Stat. § 846.101(2) to mean that a lender is permitted, but not required, to give notice of a foreclosure sale within the six-month redemption period.

¶ 12. We agree with Bank of America. Reading Wis. Stat. § 846.101(2) in context with other sections of Wis. Stat. ch. 846 supports Bank of America's argument that the statutory language stating notice of a foreclosure sale "shall be given" within the six-month redemption period is directory, rather than mandatory. "Wisconsin Stat. ch. 846 sets up a comprehensive scheme of foreclosure[.]" *Bank Mut. v. S.J. Boyer Constr., Inc.*, 2010 WI 74, ¶ 26, 326 Wis. 2d 521, 785 N.W.2d 462. It divides properties into three types: (1) owner-occupied one- to four-family residences (addressed in Wis. Stat. §§ 846.10(2) and 846.101);[6] (2) abandoned premises (addressed in Wis. Stat. § 846.102); and (3) commercial properties (addressed in Wis. Stat. § 846.103). Each of these statutes establishes a redemption period for the type of property addressed, during which the borrower may pay off his or her debt and redeem the property before it is sold at a foreclosure sale. Specifically, the statutes establish a twelve-month redemption period for owner-occupied one- to four-family residences, *see* § 846.10(2), a six-month redemption period for commercial properties, *see* § 846.103(1), and a five-

---

[6] In addition to owner-occupied one- to four-family residences, Wis. Stat. §§ 846.10(2) and 846.101 also apply to farms, churches, and tax-exempt charitable organizations. For ease of discussion, we refer to the types of properties addressed by §§ 846.10(2) and 846.101 as "owner-occupied one- to four-family residences" throughout the remainder of this opinion.

week redemption period for abandoned premises, *see* § 846.102(1). If the lender agrees to waive its right to a deficiency judgment, the redemption period for owner-occupied one- to four-family residences is reduced to six months, and the redemption period for commercial properties is reduced to three months. Secs. 846.101(2), 846.103(2).

¶ 13. Each of the foreclosure statutes further provides that, before a foreclosure sale is held, notice of the time and place of the sale "shall be given" as set forth in WIS. STAT. §§ 815.31 and 846.16. *See* WIS. STAT. §§ 846.10(2), 846.101(2), 846.102(1), 846.103(1) and (2). To ensure that a foreclosure sale can occur immediately upon the expiration of a redemption period, the foreclosure statutes allow publication of the required notice before the end of the redemption period. In particular, in cases involving owner-occupied one- to four-family residences for which the lender seeks a deficiency, commercial properties, and abandoned premises, the statutes specifically state that notice "may" be given during the redemption period:

- Owner-occupied one- to four-family residences, without waiver of deficiency: "Notice of the time and place of sale shall be given under ss. 815.31 and 846.16 and *may be given* within the 12–month period . . . ." Sec. 846.10(2) (emphasis added).

- Abandoned premises: "Notice of the time and place of sale shall be given under ss. 815.31 and 846.16 and placement of the notice *may commence* when judgment is entered." Sec. 846.102(1) (emphasis added).

- Commercial properties, without waiver of deficiency: "Notice of the time and place of sale shall be given under ss. 815.31 and 846.16 and *may be given* within the 6–month period . . . ." Sec. 846.103(1) (emphasis added).

570

- Commercial properties, with waiver of deficiency: "Notice of the time and place of sale shall be given under ss. 815.31 and 846.16 and *may be given* within the 3–month period . . . ." Sec. 846.103(2) (emphasis added).

¶ 14. Thus, for all types of property except owner-occupied one- to four-family residences for which the lender does not seek a deficiency, the foreclosure statutes explicitly provide that notice within the redemption period is permitted, but not required. The Borrowers do not suggest—and we cannot discern—any reason why the legislature would have decided to require notice during the redemption period for owner-occupied one- to four-family residences with deficiency waivers, but not for any other type of property. As the circuit court observed, it simply "does not make sense" that owner-occupied residential properties with deficiency waivers would be treated differently from the other kinds of foreclosed properties. *See Kalal*, 271 Wis. 2d 633, ¶ 46 (statutory language must be interpreted reasonably, to avoid unreasonable results).[7]

¶ 15. The Borrowers argue the use of "may" in the foreclosure statutes cited above suggests the legislature intended the word "shall" in the notice provision of Wis. Stat. § 846.101(2) to be mandatory. They cite *Karow*, 82

---

[7] Bank of America argues the legislature's failure to amend Wis. Stat. § 846.101(2) to state that notice of the time and place of sale "may be given" within the redemption period was an "inadvertent omission." However, Bank of America does not cite any authority to support this proposition. Our own research confirms that the legislative history of the relevant statutes neither supports nor contradicts Bank of America's claim that the legislature inadvertently failed to add the words "and may be given" to § 846.101(2) when it added those words to the other foreclosure statutes.

571

Wis. 2d at 571, in which our supreme court stated, "When the words 'shall' and 'may' are used in the same section of a statute, one can infer that the legislature was aware of the different denotations and intended the words to have their precise meanings." However, despite this statement, the *Karow* court recognized that the word "shall" can still be construed as directory based on the application of four factors: (1) the omission of a prohibition or a penalty; (2) the consequences resulting from one construction or the other; (3) the nature of the statute, the evil to be remedied, and the general object sought to be accomplished by the legislature; and (4) whether the failure to act within the time limit works an injury or a wrong. *Karow*, 82 Wis. 2d at 572; *see also Warnecke v. Warnecke II*, 2006 WI App 62, ¶ 12, 292 Wis. 2d 438, 713 N.W.2d 109. Here, all four of these factors favor interpreting the word "shall" in the notice provision of WIS. STAT. § 846.101(2) as directory.

¶ 16. First, WIS. STAT. § 846.101(2) does not express a penalty for failing to publish a notice of foreclosure sale within the six-month redemption period or a prohibition against publishing a notice after the six-month period. "The legislature's failure to state the consequences of noncompliance with the established time limit lends support for construing the statute as directory." *Karow*, 82 Wis. 2d at 571–72.[8]

---

[8] The Borrowers concede WIS. STAT. § 846.101(2) does not contain a penalty for noncompliance, but they assert it does contain a prohibition. They note that, in addition to stating notice "shall" be given within the six-month redemption period, the statute prohibits publication of a notice of foreclosure sale less than four months after a foreclosure judgment is entered. *See* § 846.101(2). This fact, although true, is irrelevant. The Borrowers are not arguing the foreclosure judgments should be vacated because Bank of America improperly published notices

¶ 17. Second, we must consider the consequences resulting from construing the word "shall" in Wis. Stat. § 846.101(2) as either directory or mandatory. *See Karow*, 82 Wis. 2d at 572. Interpreting § 846.101(2) to require publication of a notice of sale within the six-month redemption period would conflict with the statutory approach expressly adopted for all other types of foreclosures. In addition, requiring notices of sale to be published during borrowers' redemption periods could force lenders to market properties for sale even when doing so is in neither the lender's nor the borrower's interest. For instance, the lender and borrower may want to delay a sale when: (1) the borrower is appealing the foreclosure judgment; (2) there are title or other marketing issues involving the property; (3) there are contested issues with junior creditors added as defendants after entry of the foreclosure judgment, pursuant to Wis. Stat. § 846.09; or (4) the parties have reached, or are trying to reach, a postjudgment workout or loan modification. In each of these circumstances, requiring notice of a foreclosure sale within the redemption period would not make sense. Interpreting § 846.101(2) to allow, but not require, publication during the redemption period would avoid these problems.

¶ 18. Third, interpreting the word "shall" in the notice provision of Wis. Stat. § 846.101(2) as mandatory, rather than directory, would be inconsistent with the nature of the statute, the evil to be remedied, and the general object sought to be accomplished by the legislature. *See Karow*, 82 Wis. 2d at 572. The purpose of statutes providing for redemption periods is to delay

of foreclosure sale within the four-month periods following entry of the foreclosure judgments.

foreclosure sales for a period of time so that a defaulting borrower has an opportunity to redeem a foreclosed property before it is sold. Section 846.101(2) shortens the normal, twelve-month redemption period for owner-occupied one- to four-family residences to six months in cases where the lender elects not to pursue a deficiency judgment. Construing § 846.101(2) to require publication of a notice of sale within the already shortened six-month redemption period would expedite the foreclosure process even further, in effect requiring the property to be sold shortly after expiration of the redemption period. As discussed above, in many cases this may not be in either the borrower's or the lender's interest.

¶ 19. The Borrowers cite *Glover v. Marine Bank of Beaver Dam*, 117 Wis. 2d 684, 694–95, 345 N.W.2d 449 (1984), in which our supreme court held that the shortened redemption period in Wis. Stat. § 846.101(2) is intended to benefit both lenders and borrowers. The lender is benefitted because it "may be able to reduce the losses normally attendant to the twelve-month redemption period." *Glover*, 117 Wis. 2d at 694–95. The borrower is benefitted because "at the end of this shortened period, the [borrower] is secure in the knowledge that he or she will not be responsible for any deficiency resulting from the sale." *Id.* at 695.

¶ 20. The Borrowers argue interpreting "shall" as directory "does not meet the twin benefits of [Wis. Stat.] § 846.101(2) identified by the court in *Glover*" because it would "allow unlimited time for the lender to begin posting and publishing a notice of sheriff's sale." We disagree. Even if a lender chooses not to hold a foreclosure sale immediately upon expiration of the redemption period, the benefit provided to the borrower by § 846.101(2) remains the same—the borrower will not

574

be responsible for any deficiency when a sale ultimately occurs. Moreover, the borrower typically has the added benefit of being able to retain possession of the property between the end of the redemption period and the date of the eventual sale, and he or she also receives additional time to try to redeem the property or reach a loan modification agreement with the lender. The cost of extending the proceedings is born primarily by the lender—the party that chose not to avail itself of the speed permitted by statute.[9] Consequently, construing the word "shall" as directory does not conflict with the purposes of § 846.101(2) identified in *Glover*.

¶ 21. Fourth, we must consider whether a lender's failure to publish a notice of foreclosure sale within the six-month redemption period prescribed by Wis. Stat. § 846.101(2) works an injury or a wrong. *See Karow*, 82 Wis. 2d at 572. For the same reasons discussed in the preceding paragraph, we conclude it does not. Delaying a foreclosure sale generally benefits a borrower by enabling the borrower to retain possession of his or her property longer and by providing additional time to work out a compromise with the lender. In contrast, requiring notices of sale to be published during the redemption period could harm borrowers by forcing lenders to hold foreclosure sales shortly after the redemption period expires, which would frustrate efforts to reach postjudgment compromises and would likely

---

[9] We acknowledge that delaying a foreclosure sale may have negative consequences for the borrower. For instance, property taxes continue to accrue against the borrower until the foreclosure sale. In addition, delaying a foreclosure sale delays the date when the borrower may apply for another mortgage. However, we conclude the benefits to both lenders and borrowers of construing the word "shall" in the notice provision of Wis. Stat. § 846.101(2) as directory outweigh these potential negative consequences, none of which are present here.

force borrowers out of their properties earlier than would otherwise be required.

¶ 22. The Borrowers concede they have not suffered any injury or wrong due to Bank of America's failure to publish notices of foreclosure sale within their redemption periods. However, they argue a lender's failure to timely publish a notice of sale could harm a hypothetical borrower by subjecting the borrower to additional property taxes and homeowner's insurance premiums before a foreclosure sale occurs. We are unpersuaded. The hypothetical borrower would be in no worse position due to the lender's delay in publishing a notice of foreclosure sale than he or she would have been if foreclosure proceedings had never been commenced, in which case the borrower would also have been required to pay property taxes and insurance premiums. Moreover, the borrower would have the benefit of continuing to reside in his or her home with significantly reduced expenses until a foreclosure sale occurs, and without the threat of being subject to a deficiency judgment.

¶ 23. Finally, our previous decisions in *Deutsche Bank National Trust Co. v. Matson*, No. 2012AP1981, unpublished slip op. (WI App July 30, 2013), *review denied*, 2014 WI 14, 843 N.W.2d 707 (*Matson I*), and *Arch Bay Holdings LLC—Series 2008B v. Matson*, No. 2013AP744, unpublished slip op. (WI App March 18, 2014) (*Matson II*), support our conclusion that the word "shall" in the notice provision of Wis. Stat. § 846.101(2) should be construed as directory, rather than mandatory.[10] In *Matson I* and *Matson II*, we considered whether Wis. Stat. § 846.103(2)—the statute address-

---

[10] Authored, unpublished court of appeals opinions issued on or after July 1, 2009, may be cited for their persuasive authority. *See* Wis. Stat. Rule 809.23(3)(b).

ing foreclosure of commercial properties where no deficiency is sought—requires a lender to sell a foreclosed property immediately following the end of the redemption period. Section 846.103(2) states, "[T]he sale of the mortgaged premises *shall be made* upon the expiration of 3 months from the date when [the foreclosure] judgment is entered." (Emphasis added.)

¶ 24. Despite its use of the word "shall," we concluded WIS. STAT. § 846.103(2) merely "describe[d] a particular process should a sheriff's sale actually occur" and did not "mandate that [a] property be sold . . . immediately upon the expiration of the three-month redemption period." *Matson I*, No. 2012AP1981, ¶¶ 16, 18; *see also Matson II*, No. 2013AP744, ¶ 18 (adopting *Matson I*'s analysis). We noted a contrary interpretation would have adverse policy consequences because requiring a lender to hold a foreclosure sale "simply does not make sense in circumstances where it is in neither the lender's nor borrower's interest to do so: for instance, when there is a post-judgment loan modification between the lender and borrower, or when the borrower pays the debt shortly after the expiration of the redemption period." *Matson I*, No. 2012AP1981, ¶ 19. We also observed that requiring a foreclosure sale would "essentially put[] the borrower in control over the aggrieved lender's recovery," creating an incentive for a borrower to commit waste. *Id.*

¶ 25. Similar to WIS. STAT. § 846.103(2)—the statute analyzed in *Matson I* and *Matson II*—WIS. STAT. § 846.101(2) provides that a foreclosure sale "*shall* be made upon the expiration of 6 months from the date when [a foreclosure] judgment is entered." (Emphasis added.) Addressing similar language, *Matson I* and *Matson II* clearly stated that, with respect to commercial properties for which no deficiency is sought, a

577

lender is not required to hold a foreclosure sale immediately upon expiration of the redemption period. We see no reason why the result should be different in cases involving owner-occupied one- to four-family residences for which no deficiency is sought. The concern we expressed in *Matson I* that holding a foreclosure sale soon after the redemption period may not be in either the lender's or the borrower's interest is equally applicable in cases involving owner-occupied properties. If a lender is not required to hold a foreclosure sale immediately upon expiration of the redemption period, it makes no sense a lender would be required to publish notice of a foreclosure sale during the redemption period.

¶ 26. The Borrowers rely on *Bank of New York v. Carson*, 2013 WI App 153, 352 Wis. 2d 205, 841 N.W.2d 573, *review granted*, 2014 WI 50, 354 Wis. 2d 860, 848 N.W.2d 857, which we decided after *Matson I* but before *Matson II.* In *Carson*, we interpreted WIS. STAT. § 846.102, which governs foreclosure proceedings involving abandoned premises. Section 846.102(1) states that, after entry of a foreclosure judgment, "sale of such mortgaged premises *shall be made* upon the expiration of 5 weeks from the date when such judgment is entered." (Emphasis added.) Based on the plain language of § 846.102(1), we concluded a circuit court has authority to order a lender to sell an abandoned property upon the expiration of the five-week redemption period. *Carson*, 352 Wis. 2d 205, ¶ 13. We reasoned a contrary holding would "strip [owners of abandoned premises] of any remedies at law and allow lenders to leave properties in limbo for years." *Id.*, ¶ 14. We also noted that requiring prompt sales of abandoned premises promoted the public's interest in preserving the condition and appearance of residential properties. *Id.* We did not analyze the *Karow* factors in determining that the word "shall" in § 846.102(1) was mandatory.

¶ 27. *Carson* is distinguishable because it addresses foreclosures of abandoned premises. The policy considerations supporting our holding in *Carson* are not equally applicable in cases involving owner-occupied one- to four-family residences. Unlike the borrower in *Carson* and most other owners of abandoned properties, owners of owner-occupied one- to four-family residences generally have an interest in redeeming their properties and therefore have an incentive to continue maintaining them. Moreover, as discussed above, in cases involving owner-occupied one- to four-family residences, there are several reasons why holding a foreclosure sale promptly after the end of the redemption period may not be in either the lender's or the borrower's interest. *See supra,* ¶ 17. In addition, unlike the borrower in *Carson* who was clearly harmed by the lender's decision not to hold a foreclosure sale, the Borrowers concede they have suffered no injury or wrong due to Bank of America's failure to publish notices of foreclosure sale within their respective six-month redemption periods.

¶ 28. For all the foregoing reasons, we conclude the statement in WIS. STAT. § 846.101(2) that notice of a foreclosure sale "shall" be given within six months after entry of a foreclosure judgment is directory, not mandatory. Accordingly, Bank of America was permitted, but not required, to publish notices of foreclosure sale during the Borrowers' redemption periods. Because publication of the notices during the Borrower's redemption periods was not required, the circuit court properly exercised its discretion by denying the Borrowers' motions to vacate the foreclosure judgments.

*By the Court.*—Orders affirmed.