DAVID T. PROSSER, J.
¶ 47. (concurring). I agree with the majority's decision to affirm the court of appeals. I do not agree with the majority's reasoning in support of this decision. In my view, the owner of real property may seek a judicial sale of the property when the owner's authority to sell is impeded or otherwise in doubt. Wis. Stat. § 840.03(l)(g). However, the ultimate availability of this judicial "remedy" is dependent upon the equities involved, including recognition of the "interests in real property" of others. Wis. Stat. § 840.01. For the reasons stated below, I respectfully concur.
I
¶ 48. The majority opinion is preoccupied with an interpretation of Wis. Stat. § 846.102, which is part of the chapter on Real Estate Foreclosure. Chapter 846 is a detailed and vitally important chapter of the Wisconsin Statutes. Section 846.102, entitled "Abandoned premises," is a significant provision within the chapter. A mistaken interpretation of this section is likely to have profound ramifications on real estate financing in Wisconsin.
*47 ¶ 49. The early sections of Chapter 846 set out foreclosure procedure in a variety of situations. Before examining these sections, I believe it is useful to reiterate several fundamental principles.
¶ 50. A mortgage has been defined as "any agreement or arrangement in which property is used as security." Wis. Stat. § 851.15. "Wisconsin is a lien-theory state with regard to mortgages. A mortgage creates a lien on real property but does not convey title to the property to the mortgagee (lender)." Lawrence Sager, Wisconsin Real Estate Practice & Law 137 (11th ed. 2004).
¶ 51. In simple terms, a "mortgage conveys an interest in the real estate to the lender as security for the debt, while the mortgage note is a promise to repay the debt. Mortgages are the most common form of loan instruments in Wisconsin." Id.
¶ 52. The foreclosure provisions of Chapter 846 are invoked by mortgagees (lenders) when a mortgagor (borrower) fails to repay a debt. The law provides protections for the mortgagor, so that a mortgagee cannot move too quickly against the mortgagor, and the mortgagor has a period to redeem the property after foreclosure.
| 53. As a practical matter, a mortgagee invokes the foreclosure provisions of Chapter 846 when its loan is not being repaid. However, foreclosure does not transfer ownership of the property to the mortgagee. Thus, the mortgagee does not control the mortgaged property after foreclosure, and it may end up receiving no payment on its loan until the property is sold and the sale is confirmed. As a result, the mortgagee normally has a strong incentive for a prompt sale after foreclosure.
*48 ¶ 54. The mortgagee is usually entitled to a deficiency judgment against the mortgagor in the event that sale of the property does not satisfy the debt. In truth, however, many mortgagors do not have the wherewithal to satisfy a deficiency judgment. This is one reason why the mortgagee may waive its right to a deficiency judgment in order to speed up sale of the property. There is no reason for the mortgagee to delay sale of the property unless there is a rational economic reason to do so.
¶ 55. Wisconsin Stat. § 846.10 is the basic foreclosure statute. It reads in part:
(1) If the plaintiff recovers the judgment shall describe the mortgaged premises and fix the amount of the mortgage debt then due and also the amount of each installment thereafter to become due, and the time when it will become due, and whether the mortgaged premises can be sold in parcels and whether any part thereof is a homestead, and shall adjudge that the mortgaged premises be sold for the payment of the amount then due and of all installments which shall become due before the sale, or so much thereof as may be sold separately without material injury to the parties interested, and be sufficient to pay such principal, interest and costs; and when demanded in the complaint, direct that judgment shall be rendered for any deficiency against the parties personally liable and, if the sale is to be by referee, the referee must be named therein.
Wis. Stat. § 846.10(1).
¶ 56. Subsection (2) then reads:
(2) ... No sale involving a one- to 4-family residence that is owner-occupied at the commencement of the foreclosure action .. . may be held until the expiration of 12 months from the date when judgment is *49 entered, except a sale under s. 846.101 or 846.102. . . . In all cases the parties may, by stipulation, filed with the clerk, consent to an earlier sale.
Wis. Stat. § 846.10(2).
¶ 57. Section 846.101 deals with foreclosure sales (primarily of residential property under 20 acres) in which the mortgagor has agreed to a shorter period of time for sale and redemption (six months) and the "plaintiff[1] (mortgagee) has elected in its complaint to waive its right to a deficiency judgment against the mortgagor.
¶ 58. Section 846.102 permits an even shorter period between foreclosure and sale (five weeks) when the court finds that the mortgagor has abandoned the property — that is, "relinquishment of possession or control of the premises whether or not the mortgagor or the mortgagor's assigns have relinquished equity and title." Wis. Stat. § 846.102(1).
¶ 59. Section 846.103 relates to "Foreclosures of commercial properties and multifamily residences."
¶ 60. The mortgagee is the "plaintiff under these four sections. The mortgagor does not need to sue the mortgagee because the mortgagor may stipulate to a sale without initiating litigation. Wis. Stat. § 846.10(2).
¶ 61. That the mortgagee is the "plaintiff under Wis. Stat. § 846.102 is clear from the opening phrase of the section: "In an action for enforcement of a mortgage lien . . . ." The mortgagee has the "mortgage lien" on mortgaged property as well as standing to enforce the lien; the mortgagor does not have either. Moreover, although § 846.102 does not use the word "plaintiff," as surrounding §§ 846.10, 846.101, and 846.103 do, *50 § 846.102 refers back to § 846.10: "judgment shall be entered as provided in s. 846.10 .. .."
¶ 62. Any notion that a municipality could bring an action under § 846.102 is belied by the language in subsection (2), which limits the role of "a representative" of a municipality to providing testimony or evidence of abandonment.[1]
II
¶ 63. In this case, the Bank of New York brought suit against Shirley Carson under Wis. Stat. § 846.101. The Bank waived its right to a deficiency judgment. The complaint, filed January 25, 2011, reads in part:
6. The mortgagors expressly agreed to the reduced redemption period provisions contained in Chapter 846 of the Wisconsin Statutes; the plaintiff hereby elects to proceed under section 846.101 with a six month period of redemption, thereby waiving judgment for any deficiency against every party who is personally liable for the debt, and to consent that the owner, unless he or she abandons the property, may *51 remain in possession and be entitled to all rents and profits therefrom to the date of confirmation of the sale by the court.
¶ 64. The Milwaukee County Circuit Court, Mel Flanagan, Judge, entered a default judgment (Findings of Fact, Conclusions of Law and Judgment) on June 13, 2011. The court found that "the mortgaged premises . . . shall be sold at public auction under the direction of the sheriff, at any time after three month(s) from the date of entry of judgment." (Emphasis added.) The court also found "THAT NO DEFICIENCY JUDGMENT MAY BE OBTAINED AGAINST ANY DEFENDANT." The court determined that the mortgagor's indebtedness totaled $81,356.59.
| 65. The mortgagor made no effort to redeem the property. In fact, she abandoned the property, according to an affidavit she filed with the court on November 6, 2012.
¶ 66. On the same date, the mortgagor filed a motion in the original foreclosure case. The mortgagor brought the motion under Wis. Stat. §§ 806.07(g) & (h) and 846.102. The motion sought to reopen the foreclosure judgment pursuant to Wis. Stat. § 806.07 and to compel the Bank to sell the mortgaged property "upon the expiration of 5 weeks from the date of entry of the amended judgment" under Wis. Stat. § 846.102.
¶ 67. As the majority opinion notes, the Milwaukee County Circuit Court, Jane Carroll, Judge, denied the motion. The court "observed that Wis. Stat. § 846.102 did not specifically grant it authority to order the Bank to sell the property at a specific time." Majority op., ¶ 12.
It explained "I can't find anywhere in the statute [Wis. Stat. § 846.102] that I have the authority to grant the *52 relief that [Carson is] requesting." The court further noted that the statute contemplates that the redemption period be elected by the mortgagee, not the borrower, and questioned whether a mortgagee could be compelled to execute a judgment when someone else is seeking the order. Accordingly, it stated, "I'm specifically finding that I don't have the authority ... so the motion is denied on those grounds."

Id.

¶ 68. The court of appeals reversed. Bank of New York v. Carson, 2013 WI App 153, 352 Wis. 2d 205, 841 N.W.2d 573. The court of appeals criticized the Bank (mortgagee) for not maintaining the property. Id., ¶ 5. More important, the court of appeals concluded that a mortgagor could rely on Wis. Stat. § 846.102 to compel a sale of the mortgagor's property:
We . . . conclude that the trial court erred as a matter of law when it concluded that only the Bank could elect the five-week abandonment period provided in the statute. The trial court could have ... decided to amend the judgment to a foreclosure of an abandoned property as described by § 846.102.
Id., ¶ 12. The court of appeals added:
The statutory language also makes clear that the trial court did have the power to order the Bank to sell the property upon the expiration of the redemption period.. . . We conclude that the plain language of the statute directs the court to ensure that an abandoned property is sold without delay, and it logically follows that if a party to a foreclosure moves the court to order a sale, the court may use its contempt authority to do so.
Id., ¶ 13.
*53 ¶ 69. The majority affirms the court of appeals without disavowing these pronouncements. On the contrary, the majority adopts the method of statutory interpretation used by the court of appeals, see majority op., ¶¶ 18, 20, 21, 23, 24, to reach the following conclusions:
(1) "The plain language of [Wis. Stat. § 846.102] grants the circuit court the authority to order a bank to sell the property." Id., ¶ 20. "[I]f the court makes a finding of abandonment then 'judgment shall be entered as provided in s. 846.10 except that the sale of such mortgaged premises shall be made upon the expiration of 5 weeks from the date when such judgment is entered.' Wis. Stat. § 846.102(1) (emphasis added)." Id. (footnote omitted).
(2) "The context in which 'shall' is used in Wis. Stat. § 846.102(1) indicates that the legislature intended it to be mandatory." Id., ¶ 23.
(3) "Wis. Stat. § 846.102 does not require action by the mortgagee after it has initiated a foreclosure proceeding. ... As the court of appeals stated, . . . the focus of the proceeding is on the condition of the property, not the mortgagee's preference." Id., ¶ 24.
(4) "Considering the statute's clear language and its context, the Bank's argument that it cannot be required to sell a property under Wis. Stat. § 846.102 is unpersuasive. Wisconsin Stat. § 846.102 mandates that the court order a sale of the mortgaged premises if certain conditions are met. Those conditions do not depend on action by the mortgagee alone and are not dependent on its acquiescence or consent." Id., ¶ 27.
(5) "[W]e turn to consider whether a court can also require a mortgagee to bring a property to sale at a certain point in time." Id., ¶ 28. "[W]e begin with the words of the statute. . . . This language is indicative of *54 the time frame a court must impose for the sale: 'upon expiration of 5 weeks.'" Id,., ¶ 29.
(6) "[T]he context of Wis. Stat. § 846.102 suggests that the legislature intended a prompt sale." Id., ¶ 32. "The legislative intent for a prompt sale is . . . supported by the legislative history . . . ." Id., ¶ 35.
¶ 70. I acknowledge that the majority opinion softens its holdings by requiring a court acting under Wis. Stat. § 846.102 to order mortgaged property to be "brought to sale within a reasonable time after the redemption period." Id., ¶ 41. But this statement is inconsistent with the majority's overall interpretation of the statute.
Ill
¶ 71. The majority opinion radically revises the law on mortgage foreclosure. Under Wisconsin law, a lending institution like the Bank of New York does not own the property upon which it holds a mortgage as security for a debt. The mortgagee's obvious goal is to be repaid on its loan, with interest for the use of its money. When this goal becomes infeasible, the mortgagee prudently seeks to minimize its loss. Sometimes the mortgagee delays the sale of foreclosed property in the expectation that the circumstances for sale will improve. The majority opinion substantially impairs the mortgagee's ability to minimize or mitigate a loss.
¶ 72. The opinion shifts to the circuit court the authority to set the date for sale of abandoned property. It gives the court authority to disregard the preferences of the mortgagee as to the timing of the sale when the mortgagee files for foreclosure under Wis. Stat. §§ 846.10, 846.101, or 846.102.
¶ 73. Because of this loss in flexibility, mortgagees are likely to act to protect their interests. For *55 instance, the costs of borrowing money to finance residential real estate transactions are likely to go up, and some potential borrowers will be denied loans altogether.
¶ 74. Under the new regime, thousands of foreclosed properties statewide may have to be scheduled for sale within a few months of this decision because they have already been held by mortgagees without sale for an "unreasonable" period after foreclosure.
¶ 75. These consequences are not discussed by a majority that is a bit too eager to depict mortgage lenders as the source of the problem.
¶ 76. Knowing what they face if they file for foreclosure when the timing is not propitious, many mortgagees may choose not to file foreclosure actions. If mortgagees forego filing, leverage will transfer from mortgagees to non-paying mortgagors.
¶ 77. Still, some mortgagors may wish to extricate themselves from their continuing ownership responsibilities.
¶ 78. The majority attempts to preclude a mortgagor from becoming a plaintiff under Wis. Stat. § 846.102, majority op., ¶ 18 n.5, by suggesting that only a mortgagee may initiate an action under Chapter 846. This is a correct interpretation of the chapter. However, it does not account for Wis. Stat. § 840.03.
¶ 79. Wisconsin Stat. § 840.01(1) defines the term "interest in real property."[2] The definition impli *56 cates those who own or hold title to land (like Shirley Carson) and those with "security interests and liens on land" (like the Bank of New York).
¶ 80. Wisconsin Stat. § 840.03 then provides:
Real property remedies. (1) Any person having an interest in real property may bring an action relating to that interest, in which the person may demand the following remedies singly, or in any combination, or in combination with other remedies not listed, unless the use of a remedy is denied in a specified situation:
(a) Declaration of interest.
(b) Extinguishment or foreclosure of interest of another.
(c) Partition of interest.
(d) Enforcement of interest.
(e) Judicial rescission of contract.
(f) Specific performance of contract or covenant.
(g) Judicial sale of property and allocation of proceeds.
(h) Restitution.
(i) Judicial conveyance of interest.
(j) Possession.
(k) Immediate physical possession.
(l) Restraint of another's use of, or activities on, or encroachment upon land in which plaintiff has an interest.
*57 (m) Restraint of another's use of, activities on, or disposition of land in which plaintiff has no interest; but the use, activity or disposition affect plaintiffs interest.
(n) Restraint of interference with rights in, on or to land.
(o) Damages.
(2) The indication of the form and kind of judgment in a chapter dealing with a particular remedy shall not limit the availability of any other remedies appropriate to a particular situation.
(Emphasis added.)
¶ 81. Section 840.03 includes in its listed remedies "Judicial sale of property" and "Judicial conveyance of interest." Mortgagors may seek to secure one of these remedies to escape the responsibilities of ownership.
¶ 82. As I read the statute, the owner of property may "bring an action" for a judicial sale or a judicial conveyance of interest. Although a mortgagor may not be able to serve as plaintiff in a foreclosure action under any of the foreclosure statutes, e.g., Wis. Stat. §§ 846.10, 846.101, 846.102, and 846.103, the mortgagor may be able to invoke the new principles this court has discovered in Wis. Stat. § 846.102 when it "brings an action" for judicial sale or conveyance of interest under Wis. Stat. § 840.03(1).
¶ 83. Wisconsin Stat. § 840.03(1) has been part of Wisconsin law for 40 years. See § 16, Chapter 189, Laws of 1973 (creating Wis. Stat. § 840.03(1) (1974)). It has been interpreted as creating substantive rights. SJ Props. Suites v. Specialty Fin. Grp., LLC, 864 F. Supp. 2d 776 (E.D. Wis. 2012). Nonetheless, a mortgagor seeking the sale of his or her property or the convey *58 anee of his or her property under Wis. Stat. § 840.03(1) would heretofore have been required to show that the mortgagor was entitled equitably to this remedy, inasmuch as it is clear that a defaulting mortgagor does not have the same powers and prerogatives as a mortgagee under Wis. Stat. § 846.102.
¶ 84. "An action to foreclose a mortgage is equitable in nature." Wis. Brick & Block Corp. v. Vogel, 54 Wis. 2d 321, 327, 195 N.W.2d 664 (1972) (citing Frick v. Howard, 23 Wis. 2d 86, 96, 126 N.W.2d 619 (1964)); see also Harbor Credit Union v. Samp, 2011 WI App 40, ¶ 19, 332 Wis. 2d 214, 796 N.W.2d 813; JP Morgan Chase Bank, NA v. Green, 2008 WI App 78, ¶ 11, 311 Wis. 2d 715, 753 N.W.2d 536; First Fin. Sav. Ass'n v. Spranger, 156 Wis. 2d 440, 444, 456 N.W.2d 897 (Ct. App. 1990). This equity prevails throughout the proceedings. GMAC Mortg. Corp. v. Gisvold, 215 Wis. 2d 459, 480, 572 N.W.2d 466 (1998). The court's discretion should be exercised so that "no injustice shall be done to any of the parties." Strong v. Cation, 1 Wis. 408, 424 (1853).
¶ 85. Considering equity, a mortgagee may want to delay the sale of mortgaged property that has been abandoned for legitimate economic reasons. Admittedly, the mortgagee might be forced to recognize that such a delay will constitute a burden on the mortgagor in terms of maintenance and taxes. Consequently, it is not inherently unreasonable for a mortgagor to seek relief from such a burden, inasmuch as it is unrealistic to expect that a mortgagor will properly maintain and pay the taxes on property it has abandoned. At the same time, however, if the mortgagee is expected to assume responsibility for abandoned property, the mortgagee must be given reasonable options, even if unpalatable, rather than be forced into an unwanted *59 sale without the protection of the equitable principles upon which mortgage foreclosures rest.
¶ 86. The majority opinion alters these principles hy its interpretation of Wis. Stat. § 846.102. It forces prompt public sales despite the objection of the mortgagee. This interpretation of Wis. Stat. § 846.102 does not comport with the statute's language or its legislative history and will often be inequitable to the mortgagee. Even a mortgagee that conscientiously maintains abandoned property may be forced to sell it quickly at the direction of the court.
¶ 87. I agree that the mortgagor here is entitled to seek the statutorily recognized remedy of "sale," but only as provided under Wis. Stat. § 840.03(l)(g), prior to the court's mistaken interpretation of Wis. Stat. § 846.102. For the reasons set forth, I respectfully concur.
¶ 88. I am authorized to state that Justice ANNETTE KINGSLAND ZIEGLER and Justice MICHAEL J. GABLEMAN join this concurrence.

 The principal author of the bill creating subsection (2) of Wis. Stat. § 846.102, Senator Glenn Grothman, explained that the purpose of the legislation was to shorten the redemption period in abandonment cases from two months to five weeks and to permit municipalities to present evidence of abandonment. He testified: "The effects of this bipartisan bill will be modest, but they are an attempt to better balance the needs of municipalities and responsible homeowners while still protecting the rights of property owners who may have fallen on hard times." Legislative Council File for 2011 S.B. 307, Letter from Sen. Glenn Grothman to Members of the Assembly Committee on Financial Institutions (Feb. 1, 2012), available at http://legis.wisconsin.gov/lc/comtmats/old/ llfiles/sb0307_20111201084222.pdf.

 Wisconsin Stat. § 840.01(1) reads:
(1) Except as provided in sub. (2), "interest in real property" includes estates in, powers under ch. 702 over, present and future rights to, title to, and interests in real property, including, without limitation by enumeration, security interests and liens on land, easements, profits, rights of appointees under powers, *56 rights under covenants running with the land, powers of termination and homestead rights. The interest may be an interest that was formerly designated legal or equitable. The interest may be surface, subsurface, suprasurface, riparian or littoral.